ANDREW SYME v. N. B. BROUGHTON.

*Executors and Administrators— Wills.*

An executor, or administrator c. t. a., after the will is proved in common form, may sue and be sued, and by leave of court may sell property to pay debts, but cannot pay legacies or exercise other special powers given in the will, where issues upon a caveat are pending; the right to execute the will is suspended until the determination of the suit. Bat. Rev., ch. 119, § 25, and ch. 45, §§ 11, 13.

(*Floyd* v. *Herring*, 64 N. C. 409; *Hyman* v. *Gaskins*, 5 Ired , 267, cited and approved.)

CIVIL ACTION tried at Spring Term, 1881, of WAKE Superior Court, before *Schenck, J.*

The action was brought by plaintiff as administrator of W. R. Pepper against the defendant as administrator with the will annexed of W. G. Lougee, to recover the amount due on an inland bill of exchange drawn by the defendant's testator on one T. L. Love in favor of the plaintiff's intestate. It was alleged by the plaintiff that he was the administrator of W. R. Pepper; that sometime in the month of July, 1876, W. G. Lougee died leaving a will in which no executor was appointed, and which was duly admitted to probate in common form, in the probate court of Wake county on the 26th day of July, 1876; that the defendant duly qualified as administrator with the will annexed, on the 27th day of said July; that on the —— day of October,

1876, the said W. R. Pepper having in the meanwhile produced another paper writing purporting to be the last will and testament of the said Lougee, in which the said T. L. Love was appointed executor, an issue was made up to try which, if either of the said wills, was the last will and testament of the said Lougee; that thereupon an order was issued by the judge of probate to said Broughton, commanding him to suspend all further proceedings in relation to the estate of the said Lougee, except the preservation of the property and the collection of the debts of the estate, until a decision was made of the issue arising on the said caveat; that said issue has been tried and found in favor of the will first above named, but no further proceedings have thus far been taken; and that said Lougee executed at Raleigh on the 3rd day of June, 1876, an instrument of writing of which the following is a copy:

"At sight pay to the order of W. R. Pepper five hundred dollars, value received, and charge the same to account of

W. G. LOUGEE."

" To T. L. Love."

That all the parties to this instrument were at the time it was drawn citizens of the city of Raleigh, and that the draft was duly presented to the said Love, the drawee, who refused to accept the same, and at the time Lougee drew the draft he had no funds in the hands of Love, and after the refusal of Love to accept the same and with a full knowledge of the facts, Lougee requested Love to pay it.

The defendant denied having any knowledge sufficient to form a belief whether the draft had been drawn as alleged, or whether it had been presented for acceptance, and refused.

When the issues raised by the pleadings were submitted to a jury, upon an intimation of an opinion by the court that the plaintiff could not recover, because the law authorized no action against the defendant for any liability of the said

Lougee, the plaintiff submitted to a nonsuit, and from the judgment rendered in behalf of the defendant, the plaintiff appealed.

*Messrs. Reade, Busbee & Busbee* and *Strong & Smedes,* for plaintiff.

*Messrs. Fowle & Snow* and *Gilliam & Gatling,* for defendant.

ASHE, J. The question presented for our consideration is, can this action be maintained against the defendant Broughton as the administrator with the will annexed of W. G. Lougee, deceased.

Prior to the adoption of the Code of Civil Procedure, in case of a controversy concerning the probate of a will, it was the practice of our courts to grant limited letters of admintration during the continuance of such controversy, called letters of administration *pendente lite.* The person to whom such letters were granted was required to give bond with security for the preservation of the estate, and the faithful discharge of the duties of the limited authority with which he was vested.

Such an administrator was merely an officer of the court, and held the property of the decedent only until the termination of the controversy, and as soon as it was concluded he was required to pay over all he had received in his character of administrator to the persons pronounced by the court entitled to receive it. He had no power to sell any of the effects of the decedent, except perishable property. He might maintain actions to recover debts due the decedent, but had no power to vest or distribute the assets. Iredell on Ex., 349, 350; 1 Williams on Ex., 435. But we find in neither of these authors, nor in any other treatise or report on the subject of administrators *pendente lite,* that actions might be maintained against them as against some other limited administrators.

Our Code of Civil Procedure has however made an alteration of the law in this respect.

In Bat. Rev., chap. 119, § 25, (C. C. P., § 448) it is provided that, " when a caveat is entered and bond given, as directed in the last two sections, the judge of probate shall forthwith issue an order to any personal representative having the estate in charge, to suspend all further proceedings in relation to the estate, except the preservation of the property and the collection of the debts, until a decision of the issue is had."

By section 11, chapter 45 (C. C. P., § 463) it is provided that whenever for any reason a delay is necessarily produced in the admission of a will to probate, the judge of probate may issue to some discreet person or persons at his option letters of collection, authorizing the collection and preservation of the property of the decedent; and by section 13 of the same chapter, " every collector has the authority to collect the personal property, take possession and receive the rents and profits of the real property, preserve and secure the estate and collect the debts and credits of the decedent, and for these purposes he may commence and maintain or defend suits, and he may sell under the direction and order of the probate judge any personal property for the preservation and benefit of the estate. He may be sued for debts due by the decedent, and he may pay funeral expenses and other debts."

Under the former system, letters of administration *pendente lite* were only issued when there was no one in the rightful charge of the estate of the decedent, and were granted merely for the purpose of preserving the estate When the will had been admitted to probate, and the executor qualified, or when there was no executor nominated in the will, or the one appointed had renounced, and letters of administration had been issued *cum testamento annexo*, there was no need for an administrator *pendente lite*. The executor

or the administrator had authority to act. The granting of probate by a court having jurisdiction was a judicial act, and while it remained in force it could not be contradicted. The probate having been made was conclusive evidence of the existence of the will until annulled. Williams on Ex'r, 522, and note 1; *Floyd* v. *Herring*, 64 N. C., 409; *Hyman* v. *Gaskins.*, 5 Ired., 267.

The object of the legislature in enacting section 25, chapter 119 of Battle's Revisal, was evidently intended to restrict the powers of an executor or administrator with the will annexed, but that the restriction extended no further than to restrain such officer from executing the will according to its provisions, not affecting the other powers of his office, such as the right to bring suits and the liability to be sued. The section (25) is *in pari materia* with the 11th and 13th sections of chapter 45 of Battle's Revisal. Reference may therefore be had to these latter sections in order to ascertain the intention of the legislature in enacting section 25. Section 13 expressly provides that the collector may commence and maintain or defend suits, and may be sued.

When one whose office is that of a mere collector may be sued, it would be unreasonable to suppose that the legislature intended to divest of that attribute one who has been regularly vested with the full powers of an administrator or executor. There is no reason for such a distinction, and we cannot believe the legislature contemplated any such thing.

We think the proper construction of section 25 is, that after probate granted in common form, and there is an executor who acts, or an administrator with the will annexed appointed, his office is intended to be continued during a controversy about the will, and he has all the powers and is subject to all the liabilities of an administrator or executor, except that his right to dispose of the estate according to the provisions of the will is suspended until the final de-

termination of the suit. Like a collector, he may sue and be sued, and by leave of the court may sell property for the payment of debts, but cannot pay legacies, or exercise other special powers given by the will.

In our case Lougee's will was proved in common form before a court of competent jurisdiction, and letters of administration were duly granted to Broughton with the will annexed, and then there was a caveat and an issue made up to try the validity of the will, which was found in favor of the will. The letters granted to Broughton were never revoked; so far from it, his administration was sanctioned and continued by said section 25, and we can see no reason why this action may not be maintained against him.

There is no error. Let this be certified, that further proceedings may be had according to law.

Error.                                                     Reversed.