BEDFORD JENKINS et al. v. W. A. JENKINS.

*Wills—Probate of—Rule in Shelly's Case.*

1. Prior to January 1, 1856, when the Revised Code went into effect, a will which was attested by two witnesses, could be proved in common form by the oath and examination of one of them only. Since that time, it must be proved by at least two of the subscribing witnesses, if living.

2. Where a will only gives the "use" of land to a devisee for life, with remainder to his heirs, the word "use" makes it clear that the devisor only intended to give a life estate to the first taker, and the rule in Shelly's case will not apply.

3. Where land is devised to the devisee for life, and after his death to be equally divided among the heirs of his body, the rule in Shelly's case does not apply and the heirs take as purchasers.

4. So where by will the use of all the balance of the testator's estate, including lands, were devised to the devisee for his natural life, and at his death to be equally divided among the heirs of his body ; *It was held,* that the rule in Shelly's case did not apply.

5. The question is left open whether the rule in Shelly's case is abrogated by *The Code,* §1829.

*(University v. Blount,* N. C. Term, 13; *Morgan v. Bass,* 3 Ired., 245; *Horner v. Springs,* 10 Ired., 180; *Marshall v. Fisher,* 1 Jones, 111; *Word v. Jones,* 5 Ired. Eq., 400; *Mills v. Thorne,* 95 N. C., 362; *Ross v. Toms,* 4 Dev., 376; cited and approved).

SPECIAL PROCEEDING, heard upon appeal from the clerk of DURHAM Superior Court, by *Gilmer, Judge,* at Chambers, on the 25th of January, 1887.

There was a judgment for the plaintiff, and the defendant appealed.

The facts are fully stated in the opinion.

*Mr. John Manning,* for the plaintiffs.
*Messrs. E. C. Smith* and *W. W. Fuller,* for the defendants.

DAVIS, J.   The plaintiffs allege that Mary Beasley was the owner of the land in dispute; that she died, leaving a last will and testament, duly executed to pass both her real and personal estate, which was proven at February Term, 1855, of the County Court of Wake, and that by her said will, she devised the said land as follows:   "Article 5th. I desire my daughter, Eliza Jane Jenkins, to have the use of all the balance of my estate, including lands, negroes, stock of all kinds, household, etc., during her natural life, and at her death to be equally divided among the heirs of her body." That the said Eliza J. Jenkins died in the month of March, 1886, and the plaintiffs are her children and grandchildren,

and, together with the defendants, her only heirs at law, and entitled to have the said land partitioned among them in the proportions set out in the petition.

The defendant answers, admitting that Mary Beasley executed a paper writing, purporting to be a will, but denies that it was in law a will, or could take effect as such; but without admitting the legality or sufficiency of said paper writing, or that the same, even if good as a will, was ever duly and properly admitted to probate, he admits that the quoted words in the complaint are correctly quoted from said paper.

For a further defence he insists, that Mary Beasley died intestate, and the said land descended to the said Eliza J. Jenkins, her only heir at law, and that the said Eliza, on the 27th day of March, 1868, by a deed duly proved and registered, a copy of which is attached to the answer as a part thereof, sold and conveyed the said land to the defendant in fee.

He further insists, that even if said paper writing, purporting to be a will of Mary Beasley, be held and deemed in law a good and sufficient will, he avers that the effect of the will was to devise the land in fee to Eliza J. Jenkins, who afterwards conveyed the same to him.

The will of Mary Beasley was duly filed and recorded in the book of wills in the proper office in the county of Wake, and a duly certified copy is filed. The signature of Mary Beasley is attested by two witnesses, as follows:

"Signed in the presence of:
  HIRAM WITHERSPOON,
  SAMUEL GREEN."

And the certificate of the probate is as follows:

"WAKE COUNTY COURT—*February Term*, 1855:

"The foregoing last will and testament of Mary Beasley was exhibited in open Court and propounded for probate, and the due execution thereof proven by the oath of Samuel Green, one of the subscribing witnesses thereto, and ordered to be recorded and filed.

(Signed)        THOMAS J. UTLEY, Clerk."

In the argument of counsel for the defendant in this Court, it was insisted:

1st. That it was necessary for the subscribing witnesses to sign in the presence of the testatrix, and it does not appear that they so signed, but only that she signed in their presence.

2d. That the will was not duly proved, in that it was proven only by one witness, and there was no evidence that it was witnessed by the other.

3d. That even if the will was properly executed and duly proved, yet by a proper construction, the title to the land in question vested in Eliza J. Jenkins in fee.

The will in question was admitted to probate prior to the 1st of January, 1856, and is governed by chapter 122, §6, of the Revised Statutes, which authorized the probate in common form, by one subscribing witness, and not by chapter 119, §15, of the Revised Code, which requires that the will shall be proved by at least two of the subscribing witnesses, if living, &c., and which has been the law since the 1st of January, 1856.

What was the construction placed by the Courts on chap. 122, §6, which was the law for more than three quarters of a century prior to 1856?

In the *University* v. *Blount*, N. C. Term Rep., 13, the will purported to be signed by two witnesses, and the probate was in the following words: "The last will and testament of James Hammond was exhibited and proved by the oath

of Joseph Swift, one of the subscribing witnesses: ordered
to be recorded." The objection was made, as in this case,
that the probate was not sufficient to permit the will to be
read as evidence of title.

TAYLOR, C. J., said, in answer to the objection: "When
it appears, as in this case, that the will was attested by two
witnesses, and the clerk certifies that it was proved by one
of them, the proof must *prima facie* be intended to have
been such as the law requires. In other words, that the
witness by whom it was proved, deposed also, that himself
and the other witness subscribed the will in the presence of
the testator. * * * Enough appears to give operation
to the rule, *omnia presumuntur rite esse acta.*"

In *Morgan* v. *Bass*, 3 Ired., 245, GASTON, J., citing and ap-
proving *The University* v. *Blount*, says, "that inasmuch as it
appeared on the face of the will that it was attested by two
witnesses, and it was certified to have been *proved* before the
Court by the oath of one of them, it should be intended
*prima facie* that it had been proved, as required in devises
of land, that both himself and the other witness had sub-
scribed the will in the presence of the testator."

These decisions are followed in *Horner* v. *Springs*, 10 Ired.,
180, and in *Marshall* v. *Fisher*, 1 Jones, 111.

In the former case, the certificate was, "that it was proved
in open Court by Henry H. Glover, a subscribing witness,
and recorded."

The alleged objection was, that the clerk had not certified
that the witness proved the will as required by law to pass
real estate, but the Court held it sufficient.

In *Marshall* v. *Fisher*, the entry was: "The will of Roger
Bratcher, proved by Henry Sikes; executor Thomas Bratcher
qualified: ordered that letters issue." "This entry is very
informal, but we think it is sufficient," said PEARSON, J.
"*Res judicata pro veritate accepiter*," and we think the probate
of the will of Mary Beasley, in view of these decisions, was

sufficient, and this disposes of the 1st and 2d ground of exception taken by the defendant.

But it is contended for the defendant, that, admitting the will of Mary Beasley to have been duly executed and proved, he is still entitled to the land under his purchase from Eliza Jenkins, because, under the rule in Shelly's case, she took a fee in the land which she conveyed to him.

The testatrix gives to her daughter Eliza, "the use" of all the balance of her estate, "including lands, negroes, stock of all kinds, &c., during her natural life, and at her death to be equally divided among the heirs of her body." Only "the use" was given to Eliza for life, and this use was both of real and personal property, which makes it clear that Eliza's interest was restricted to the use of it for life, and that no gift in fee was intended. But the further direction, that at her death it was "to be equally divided," &c., according to the uniform divisions in this State, takes it out of the rule in Shelly's case.

The subject is discussed at length in *Ward* v. *Jones*, 5 Ired. Eq., 400, and the conclusion that the words, "*to be equally divided*," prevent the application of the rule in Shelly's case, and limit the interest of the first taker to an estate for life, has been regarded as the settled law in this State, and we shall content ourselves with a reference to that case, and to the case of *Mills* v. *Thorne*, 95 N. C., 362, and the authorities cited in those cases.

It will be seen upon an examination of the case of *Ross* v. *Toms*, 4 Dev., 376, and the review of it by Judge PEARSON in *Ward* v. *Jones*, that the paramount purpose, manifested in the will of Joshua Skinner, controlled the decision, and it constituted no exception to the law as stated in the authorities herein cited. *The Code*, §1829, declares that: "Any limitation by deed, will or other writing to the heirs of a living person, shall be construed to be the children of such person, unless a contrary intention appears by the deed or will."

This section was first enacted as a part of the Revised Code, and went into effect on the 1st of January, 1856. As the will of Mary Beasley was proved at February Term, 1855, of the County Court of Wake, it is governed by the law as it then was, and it is not necessary for us to determine now, what force and effect can be given to that section, as effecting an abrogation of the rule in Shelly's case.

There is no error, and the judgment below must be affirmed.

No error.                                        Affirmed.