*In re.* WILL OF ADA W. THOMAS.

*Wills—Probate—Evidence—Estoppel.*

1. Under the statutes now in force, *The Code,* §§ 2136, 2148, regulating the manner in which wills shall be attested and admitted to probate, it is essential, not only that the document shall be *subscribed in the presence of the testator by at least two witnesses,* but that the evidence upon which the will is admitted to probate must show that fact.

2. The caveators, in a proceeding to prove the execution of a will, were not estopped to deny its validity by the record of a special proceeding for dower to the widow of testator, and to which they were parties.

This was an issue of DEVISAVIT VEL NON, tried at September Term, 1892, of the Superior Court of DURHAM County, before *Whitaker, J.*

The paper-writing offered for probate as the will of Ada W. Thomas purported to be signed by J. W. Thomas and Sallie F. Gooch as subscribing witnesses. The husband of the testatrix was sole devisee and legatee.

C. B. Green, the present Clerk, testified for the propounders that he had searched in the Clerk's office for the original will and the proofs attached to it, which were entered in the will

book in the form set forth in the opinion. The propounders then offered in evidence the portion of the record of wills containing the will and the probate. The caveators objected to the reception of the evidence; the objection was sustained, and propounders excepted.

Propounders then offered in evidence the bond for costs in this caveat, filed January 3, 1891, and signed by Mary L. Thomas and W. K. Thomas, for the purpose of showing the admissions therein that the will copied on page 100 of said record was the last will of said Ada W. Thomas, and also that said paper was duly probated and recorded as the will of said Ada W. Thomas.

Caveators objected to this evidence; his Honor sustained the objection and excluded the testimony, and the propounders excepted, and alleged such ruling and the exclusion of the evidence as error.

Propounders then offered in evidence the caveat filed January 3, 1891, signed by "John W. Graham and Boone & Parker, attorneys for Mary L Thomas and Charles Thomas," for the purpose of showing the admissions therein, the same as those contained in the bond for costs.

To this evidence caveators objected; their objection was sustained, and propounders excepted, and alleged such ruling excluding such evidence as error.

D. C. Mangum testified that he was Clerk of this Court in 1887, and about February 4, 1887, made the record on pages 100 and 101 of Book A, Record of Wills, now shown him.

Propounders asked the witness this question: "Was there offered to you, as Clerk, for probate, about February 4, 1887, a paper writing purporting to be the last will and testament of Ada W. Thomas?"

Caveators objected to the question, and his Honor sustained the objection, and did not allow the witness to answer the question, to which propounders excepted. Counsel for the propounders stated that the question was asked in order to fol-

low it with other questions by which he expected answers showing that witness made the record in B ook A after probate of said will by S. F. Gooch, the then subscribing witness,. and S. J. Gooch as to the handwriting of J. W. Thomas, the other subscribing witness, who was dead.

The handwriting of the subscribing witnesses to said will was proven.

On cross-examination of this witness he was asked by caveator's counsel: "Where did you last see the paper purporting to be Mrs. Thomas' will?" and he answered that it was in possession of Dr. R. W. Thomas, about a month after he copied it, as he had before stated, and that Dr. Thomas had gotten it from him.

On re-direct examination, counsel for propounders asked the witness, referring to the question and answer on cross-examination just stated, "How did you come to be in possession of that paper?"

Caveators objected to the question. Counsel for propounders insisted that the question asked and the answer elicited on cross-examination entitled propounders to an answer to this question, and that his purpose in asking it was to show that said paper had been probated and filed by him as Clerk as the last will of Ada W. Thomas. The objection was sustained, the witness not allowed to answer, and the propounders excepted, assigning such refusal to allow the witness to answer the question as error.

Propounders did not produce any witnesses acquainted with the handwriting of Ada W. Thomas, who had seen her signature to said alleged will.

Propounders introduced in evidence a certified copy of the record from Orange County Superior Court, instituted December, 1887, and concluded April, 1888, in which Octavia Thomas and D. C. Mangum, receiver of Octavia Thomas, a lunatic, were plaintiffs, and the caveators and M. A. Angier, their guardian *ad litem*, defendants, which record showed a.

special proceeding, due and regular in form and regularly conducted, in which dower in the land devised in said alleged will was allotted to said Octavia Thomas, second wife and widow of said R. W. Thomas, devisee of said land in said alleged will, in the petition to which proceeding it was alleged that said R W. Thomas died seized and possessed of said land. No point was made as to the regularity of said special proceeding in all respects. All the material evidence in the proceeding is herein set out.

Propounders asked his Honor to charge the jury that the issue must be answered Yes, because the caveators are estopped by the record of special proceedings to obtain dower from the Superior Court of Orange County to deny the validity of the alleged will, as against the propounders of said will, the participants in this proceeding.

This prayer was refused and propounders excepted, and assigned such refusal as error

Propounders asked his Honor to charge the jury, that said record of special proceedings constitutes an estoppel on the caveators as against Mrs Octavia Thomas, widow of devisee in said will.                                                        .

His Honor refused this prayer, and propounders excepted, assigning such refusal as error.

His Honor instructed the jury to answer the issue No, and propounders excepted, assigning such instruction as error.

Verdict and judgment for caveators. Propounders appealed.

*Messrs. John W. Graham* and *Junius Parker*, for caveators.
*Mr. W. W. Fuller*, contra.  ·

AVERY, J., after stating the case, proceeded : The Court so construed the Act of 1784 (Rev. Stats., Ch. 122, sections 1 and 6) as to allow wills disposing of real and personal estate to be proven in common form by one of the two necessary

subscribing witnesses; but it was declared essential to the sufficiency of the probate, in order to pass land, that the single witness examined should appear to have sworn that another subscribing witness, as well as himself, attested in the presence of the testator, or that some other witness should depose to the fact of signing in presence of the testator by the subscribing witness who was not sworn. *Blount* v. *Patton,* 2 Hawks, 241; *Jenkins* v. *Jenkins,* 96 N. C., 254.

Where the Probate Court undertook to set out the proof in existence, it was fatally defective if the fact of signing in presence of the testator by the subscribing witness who was not sworn, was not made to appear, but it was held sufficient evidence of the probate of a will in common form where the Clerk certified that " it was proved in open Court by H. G., a subscribing witness, and recorded," upon the principle that all things were presumed to have been done properly, and therefore it would be taken for granted that the witness actually examined, testified that the other witness also signed in presence of the testator. *Harven* v. *Springs,* 10 Ired., 181; *Mayo* v. *Jones,* 78 N. C., 404. The right to thus set up the will in common form was said to be a temporary measure for the protection of estates (*Etheridge* v. *Corprew,* 3 Jones, 14). *Randolph* v. *Hughes,* 89 N. C., 428, as the next of kin could still demand, within a reasonable time thereafter, that such probate be recalled, and that the will be proved *per testes,* in solemn form, which involved necessarily the examination of all of the subscribing witnesses who were living and within the jurisdiction of the Court, and that the handwriting of such as were dead or could not be brought before the Court by its process should be proven. *Ralston* v. *Telfair,* 1 Dev. & Bat., 482 ; *Bethell* v. *Moore,* 2 Dev. & Bat., 311. Section 20 chapter 119 of Rev. Code made it necessary to prove wills disposing of personalty as well as those devising real estate in same manner. *Osborne* v. *Leak,* 89 N. C., 433.

*The Code*, § 2136, in so far as it affects the sufficiency of the probate in the case at bar, contains the same provision as to signing in presence of the testator as the section of the Revised Statutes construed in those cases; but section 2148 provides that written wills with witnesses " must be admitted to probate only on the oath of at least two of the subscribing witnesses, if living; but when any one or more of the subscribing witnesses to said will are dead, or reside out of the State, or are insane, or otherwise incompetent to testify, then such proof may be taken of the handwriting both of the testator and of the witness or witnesses so dead, absent, insane or incompetent, and also of such other circumstances as will satisfy the Clerk of the Superior Court of the genuineness and the due execution of such will." The requirement that two witnesses should be examined was first enacted as a part of the Revised Code (ch. 119, sec. 15) and took effect on January 1, 1856. *Jenkins* v. *Jenkins, supra.*

The will which gives rise to this contest purports to have been subscribed by two witnesses, both of whom had died before the filing of the caveat. The will also seems to have been lost or taken from the files of the Clerk before this proceeding was instituted. When it was offered for probate, in common form, Sally F. Gooch, one of the subscribing witnesses, deposed, in so far as it is necessary for present purposes, to set forth the proof, " That she is a subscribing witness to the paper-writing now shown her, purporting to be the last will and testament of Ada W. Thomas, and that said Ada, in the presence of this deponent, subscribed her name at the end of said paper-writing, and which bears date September 5, 1880; that said Ada did, at the time of subscribing her name, declare the said paper-writing subscribed by her to be her last will and testament, and this deponent did thereupon subscribe her name as an attesting witness thereto, and at the request and in the presence of the said testatrix; and this deponent further says that at said time,

when the said testatrix subscribed her name as aforesaid, the said Ada W. Thomas was of sound mind and memory, of full age to execute a will and was not under any restraint, to the knowledge, information or belief of this deponent. Signed by the deponent and sworn to before the Superior Court Clerk on the 4th of February, 1887."

S. J. Gooch, who was not a subscribing witness, deposed as follows: "That J. W. Thomas, one of the subscribing witnesses to the foregoing will, is dead ; that this affiant was well acquainted with the handwriting of said J. W. Thomas, and he verily believes that said signature is in the handwriting of said J. W. Thomas." Signed, &c.

This will purported to have been executed on the 5th of September, 1880, by Ada W. Thomas, and to devise and bequeath to her husband, R. W. Thomas, her personal property and a lot of land lying in Durham. The names of Sally F. Gooch and J. W. Thomas purported to be subscribed as witnesses.

It is manifest, therefore, that the will was not proved as the law in force on February 4, 1887, and which is still operative, prescribes that it shall be. It is true that J. W. Thomas died between the date of subscribing as a witness and the time when the paper was offered for probate, and the actual signing by the testatrix and the genuineness of the handwriting of J. W. Thomas were proved by the said S. J. Gooch, but section 2136 of *The Code* must be construed with section 2148, just as the corresponding sections of the old law (Rev. Stat., chapter 122, §§ 1 and 6) were interpreted together. While the proof in common form by only one witness is no longer permitted by the amended law, the requirement that the will shall be subscribed in presence of the testator by both, still remains expressed in the very same words that were embodied in the act of 1874 (Rev. Stats., chapter 122, § 1; Rev. Code, chapter 119, § 1; *The Code*, § 21236) and that were construed in *University* v. *Blount,* N. C. Term Reports,

13; *Blount* v. *Patton, supra,* and *Harven* v. *Springs, supra.* In order that the proofs should be sufficient to justify the Clerk in recording the paper in the book of wills, and to make such record *prima facie* evidence of its due execution by the testator, it was essential not only that S. J. Gooch should have deposed to the genuineness of the signature of J. W. Thomas, but that he or Sally F. Gooch should have deposed that he "subscribed" in the presence of the testatrix. The probate being then insufficient to justify the entry of the paper on the will book for the temporary protection of the estate, till some interested party should demand proof in more solemn form, it must follow that what purported to be the proof and the will itself as entered on the book, were not competent as evidence for any purpose whatever, and the original depositions of Sally F. Gooch and S. J. Gooch, if they had been found, would not have been competent evidence for the propounders on the trial of the issue of *devisavit vel non.* The paper must be proved *de novo* in this proceeding in compliance with the provisions of the two sections already cited. The law requires that the Clerk shall take in writing the prescribed proofs and examinations, and shall, after recording them with the will, file them in his office. *The Code,* § 2149. The propounders failed to produce any witness who had ever seen the signature of Ada W. Thomas to the original will, or the signature of either of the witnesses, and would testify to their genuineness. Indeed, the only testimony offered to show the loss of the original paper purporting to be a will was that of D. C. Mangum, who last saw it in the possession of the sole legatee and devisee, R. W. Thomas, who also was then dead. It did not appear that search had been made among the papers of R. W. Thomas for the original. *Non constat* but what by due diligence it might have been produced in Court.

This is not a proceeding instituted under the statute (*The Code,* § 69) to establish the contents of the lost will, but an attempt to make probate in solemn form of a paper-writing

which is neither produced nor shown to have been lost. Whether it could have been restored and established by a proceeding under that section or not, and even if it is intended to be admitted that a paper in the form of that recorded on the book of wills was lost, it is certain that the propounders have failed both on the trial and in the attempt to prove it in common form in 1887, to adduce such evidence of its execution by Ada W. Thomas as would meet the mandatory requirements of the law. The record of the special proceeding in which dower was allotted to Octavia Thomas, second wife of R. W. Thomas, and to which the caveators were parties and answered by their guardian *ad litem*, does not estop caveators from contesting the validity of this will. If it were conceded that they are estopped from denying her right to dower, that fact would not preclude them from contesting the execution of the will, both for the purpose of claiming the personal property, which passed into the possession of R. W. Thomas as legatee of Ada W. Thomas, and of disputing the title of the heirs or devisees of R. W. Thomas to the reversion after the life-estate, as they were not parties to the proceedings, nor entitled as privies to hold caveators bound by any admission or adjudications made therein.

The question whether the caveators, heirs at law of Ada W. Thomas, are estopped from denying the right of Octavia Thomas to dower may be raised hereafter in another action; but in this proceeding the will would not be admitted to probate on fatally defective proof, and made operative for all purposes, if it were conceded that the heirs would be estopped in an action for possession against the tenant of Octavia Thomas during her life.

As there was no competent testimony offered or evidence admitted to prove the due execution of the paper-writing, the Court very properly instructed the jury to respond to the issue in the negative.

For the reasons given we think there was