CHARLES MOODY et al. v. A. S. JOHNSON.

*Foreign Will—Probate—Witnessess—Authentication of Records—Comity Between States.*

1. Where a will relating to land was admitted to probate in another State before the enactment of Revised Code, ch. 119, sec. 17, requiring two of the subscribing witnesses to be actually examined, and the order of the Court admitting the same to probate recited that there were two attesting witnesses and that the will was duly proved by them, the presumption arises that each of them was examined and testified to everthing essential to show that the will was executed in accordance with the requirements of sections 1 and 6 of ch. 122, Revised Statutes.

2. When duly certified full faith and credit will be given to the records of a sister State by the Courts of this State, reserving, however, the right to determine what forms and ceremonies shall be essential to the valid transfer of title to land lying in the borders of this State.

3. Neither comity nor principle precludes the Legislature of this State from prescribing regulations as to passing upon authenticated records from another State preliminary to recording them.

CIVIL ACTION to recover land, tried before *Hoke, J.,* at Spring Term, 1892, of MADISON Superior Court.

The plaintiff Reeves claimed title to an undivided one-half of the land under the will of Alexander Williams, and upon offering a certified copy thereof from the County Court of Greene of the State of Tennessee his Honor intimated that he would hold it inadmissible in evidence, and the plaintiff Reeves thereupon suffered a nonsuit and appealed. The order of probate, claimed to be defective, is set out in the opinion of Associate Justice AVERY.  ·

*Mr. T. R. Purnell,* for plaintiff (appellant).
*Messrs. Gudger & Martin,* for defendant.

AVERY, J.: The plaintiff M. P. Reeves, who claimed one undivided half of the land in controversy, through the will of Alexander Williams, of Tennessee, has joined the heirs at law of Moody, as alleged co-tenants, holding the other undivided half, in bringing this action against the defendant, who offered a tax deed as color of title, and also testimony tending to show continuous adverse possession for twenty years before the action was brought. In deference to an intimation that the Court would hold the certified copy of said will incompetent as evidence to show the transmission of title to the land the plaintiff Reeves submitted to judgment of nonsuit and appealed.

The will purported to have been executed on the 10th of April, 1843, and was proved in the County Court of Greene County, Tennessee, in 1852, the record of the said probate being as follows: "The last will and testament of Alexander Williams, deceased, was produced in court for probate, with Tipp Henderson and J. J. Mitchell subscribing witnesses thereto, by whom the same was duly proved, and the Court thereupon ordered that the said will be recorded.

Whereupon Catherine D. Williams, the executrix named therein, appeared in court, and she being exonerated by the will from giving security, took the oath of an executor, and the Court ordered that letters issue to her accordingly."

The Act of 1784 (Revised Statutes, ch. 122, secs. 1 and 6) was construed at an early day as requiring the attestation of two witnesses in order to render a devise therein contained effective to pass land to the devisee, and in this respect the law has remained unaltered up to the present time. *In re Thomas*, 111 N. C., 409. But in the manner of proving wills a material change was made when, as a part of the Revised Code, the enactment that at least two of the subscribing witnesses should be actually examined took effect on the 1st of January, 1856. *Jenkins* v. *Jenkins* 96 N. C., 254, and *In re Thomas, supra.* Prior to that time it had been repeatedly held that when the instrument upon its face appeared to have been attested by two witnesses, and the entry in the records of the proper tribunal showed that it was "proved in open court" by one of them "and recorded," the presumption would be that all things were done in accordance with law, and therefore the Courts would infer, if there was nothing upon the face of the order to the contrary, that the witness examined testified that the other witness as well as himself signed in the presence of the testator. *Marshall* v. *Fisher*, 1 Jones, 111; *Harven* v. *Springs*, 10 Ired., 181; *Morgan* v. *Bass*, 3 Ired., 243; *Blount* v. *Patton*, 2 Hawks, 245; *Trustees* v. *Blount*, Term Reports, 455; *Jenkins* v. *Jenkins* and *In re Thomas, supra.*

Commenting upon the Act of 1784, Chief Justice TAYLOR (in *Blount* v. *Patton, supra*) said: "The circumstances there enumerated are essential to the legal validity of the will and their existence must be proved to the County Court to authorize them to record the will. But it is not necessary

to set them forth in the certificate of the Clerk, because when it appears, as in this case, that the will was attested by two witnesses, and the Clerk certifies that it was proved by one, the *proof must prima facie be intended to have been such as the law requires.*"  The later case of *Blount* v. *Patton, supra,* involved the validity of a previous probate before a County Court in Tennessee, just as in the case now under consideration.  The probate in that case was held by a majority of the Court to be insufficient, because the substance of the testimony of the single witness examined purported to be set out in full, and failed to show that the other witness, as well as himself, subscribed to the will in the presence of the testator.  Opinions were delivered in that case by three Judges, SEAWELL, HALL and TAYLOR.

The Court concurred in holding that while adhering to the rule that the title to land lying in North Carolina would not pass by a will unless it was attested by at least two witnesses, as prescribed by our statute, each expressed clearly the opinion that if the record in that case had simply shown that the instrument was proved by one of the witnesses, the law would have presumed that it was rightly done in the Court of a sister State, just as the same presumption would have arisen in favor of the proceedings of our own Courts.  In the absence of any judicial knowledge of the statutory law of another State the Courts of this State must act upon the presumption that the common law of England, as modified by statutes passed previous to our separation and so far as they are consistent with the genius of our republican institutions, prevails in the original Colonial States and all other States formed primarily by emigration from them.  *Brown* v. *Pratt,* 3 Jones' Eq., 202; *Crump* v. *Morgan,* 3 Ired. Eq., 91; 3 Am. and Eng. Enc., 348, and notes. Chief Justice TAYLOR, acting upon this idea, quoted the rule applicable to proof in a court of common law as laid

down by Lord Camden, that "One witness is sufficient to prove what three have attested, and though that witness must be a subscriber, yet that is owing to the general common law rule that where a witness has subscribed an instrument he must always be produced, because he is the best evidence."

Before any statutes were passed marking out the manner of proceeding by an executor appointed in a will that had been proved and recorded in another State, at the domicile of the testator, who wished to administer in some county in North Carolina in which his decedent had left personal property, Judge HENDERSON, for the Court, declared that it was necessary that the will should be authenticated and letters testamentary issued here. But as to the mode of authentication the Court said: "But when the probate has been made in a sister State we think that the Constitution of the United States and the law of the United States thereupon give to the probate, when authenticated according to the law of the United States, such authentic form as that our Courts will recognize the probate without proof, and that such probate may be proffered to the Court to sustain the character of an executor." *Helme* v. *Sanders*, 3 Hawks, 563.

It was thus settled at an early day that when duly certified full faith and credit was to be given to the records of a sister State, but that without questioning their authenticity this State reserved the right to determine what forms and ceremonies should be essential to the valid transfer of title to land lying within her borders. Neither comity nor principle, however, precludes the Legislature from prescribing regulations as to passing upon authenticated records from another State preliminary to recording them. *Kelly* v. *Ross*, Busb., 277; *Ward* v. *Hearne*, *Ibid.*, 184; *Knight* v. *Wall*, 2 Dev. & Bat., 125. In *Blount* v. *Patton*, *supra*, the

Court, following the English authorities referred to, thought it would have been sufficient to have examined one witness if the record had shown either that both he and the other witness signed in the presence of the testator or that it was duly proved by one witness, thereby giving rise to the presumption that he testified all that was essential. The will in that case was declared inadmissible for no other reason than that the probate negatived the presumption that would have arisen from such a probate as that under consideration, and for that reason has been repeatedly cited to show the validity of the proof by one witness, where, by its terms, it raises instead of rebutting the presumption of full and perfect proof. *Morgan* v. *Bass, Harven* v. *Springs*, and Jenkins' case, *supra*.

But the order of the County Court of Greene County recites the fact that there were two witnesses in our case and that the will was duly proved by both of them. The presumption, therefore, arose that each of them was examined and testified to all that was necessary to show that the will was executed in accordance with the requirements of the statute so as to make it effectual to pass real as well as personal estate. This order was made in the year 1852, before the latter statute, embodied in the Revised Code, was passed.

Counsel for defendant insisted so earnestly upon the argument of the appeal that the probate of the will of C. D. Williams was in precisely the same form, and, as it was not proved until 1870, was insufficient to pass land, that this Court was led to a consideration of several questions suggested before adverting to the fact that no exception seems to have been taken by the plaintiff to the probate of that will, as appears from an examination of the statements of case in both appeals. (See defendant's appeal, *infra*). So the questions, whether it would be necessary now to cause that will to be proved again in conformity to the require-

ments of the later act, or whether the defects in the probate entered, if any, have been remedied by any of the successive curative acts passed since 1870, do not arise. In excluding the will of Alexander Williams there was error, and judgment of nonsuit must be set aside and a

New Trial Awarded.