The right of plaintiff to recover was admitted to depend, among other questions, upon the sufficiency of the probate of the will of Oliver Ditson, an exemplification of which was recorded in Chatham (242) County, to pass the land in dispute.
The attestation clause of the will and the probate in Massachusetts were as follows:
"Signed, sealed and published and declared by the aforesaid testator as and for his last will and testament, in the presence of us, who at his request, in his presence, and in the presence of each other, have prescribed our names as witnesses hereto.
 "OTIS NORCROSS, "EDWIN HOWLAND, "GREENVILLE NORCROSS."
"At a probate court holden at Boston, in and for said county of Suffolk, on 14 January, 1889, on the petition of Charles H. Ditson, of the city, county and State of New York, Reuben E. Demmon and Charles F. Smith, both of said Boston, praying that the instrument therewith presented, purporting to be the last will and testament of Oliver Ditson, late of said Boston, deceased, may be proved and allowed, and letters testamentary issued to them, the executors therein named, without giving a surety or sureties on their official bonds; and the heirs-at-law, next of kin and all other persons interested having been duly notified, according to the order of court, to appear and show cause, if any they have, against the same; and no party objecting thereto, and it appearing that the said instrument is the last will and testament of said deceased, and was legally executed, and that the said testator was at the *Page 178 
time of making the same of full age and sound mind, and that said petitioners are competent persons to be appointed to said trust: It is, therefore, decreed that said instrument be proved, approved and allowed as the last will and testament of said deceased, and letters testamentary be issued to said petitioners, they first giving bond without sureties for the due performance of said trust.
"JOHN.W. McKINN, Judge of Probate Court."
His Honor intimating an opinion that the probate of the will (243) did not show affirmatively that it was executed according to the requirements of the laws of North Carolina, the plaintiff submitted to a nonsuit and appealed.
The right of plaintiff to recover was dependent upon the competency of the will of Oliver Ditson, which constituted an essential link in its chain of title. The court intimated the opinion that the probate was defective, in that it failed to show affirmatively that the will was executed in accordance with the statutes (The Code, secs. 2136 and 2156). The first of the sections referred to requires, in explicit and mandatory terms, that "no will or testament shall be good or sufficient in law to convey or give any estate, real or personal, unless such will shall have been written in the testator's lifetime and signed by him, or some other person in his presence and by his direction, and subscribed in his presence by two witnesses at least, no one of whom shall be interested in the devise or bequest, except as hereinafter provided." The subsequent section (2156), as amended by the Act of 1885, ch. 393, allows a properly authenticated copy of a will proved in another State to be recorded in this State, but provides that "when such will contains any devise or disposition of real estate in this State, such devise or disposition shall not have any validity or operation unless the will is executed according to the laws of this State, and that fact must appear affirmatively in the certified probate or exemplification of the will."
It is essential to the sufficiency of a will to pass the property, the title to which is in dispute, that it shall be subscribed in the presence of the testator by two witnesses at least. Prior to 1 January, (244) 1856, the fact of subscription by both witnesses could be shown, on proof in common form, by one of them. Jenkins v. Jenkins,96 N.C. 254; Moody v. Johnson, 112 N.C. 798. But since that date it must appear that at least two of the witnesses, if living, were examined, or, if one has died, the living witness must testify, not only to *Page 179 
the handwriting of the dead witness, but to his subscription, as well as his own, in the presence of the testator. In re Thomas, 111 N.C. 409. Such is the proof prerequisite to sufficiency, where the original record is made in this State. But where a certified copy from another State has been recorded, we are met by the further plain provision of the statute that the fact of subscribing by at least two witnesses must appear affirmatively "in the certified probate or exemplification of the will." The Code, sec. 2156. The mere recitation in the attestation clause is not affirmative evidence.
It is not necessary to discuss or pass upon the other questions raised by the intimations of the judge, the proof of the paper-writing purporting to be the will of Ditson being defective. The judgment of the court below is
Affirmed.
Cited: Davis v. Blevins, 123 N.C. 383; McEwan v. Brown, 176 N.C. 251.
(245)