A paper-writing purporting to be the last will and testament of Frank Palmer, deceased, was propounded for probate in open court, and was admitted to probate in common form on 27 May, 1895, by E. A. Johnson, the executor therein named. Whereupon Mary Lyon, *Page 96 
one of the heirs at law, in her own behalf and in behalf of the other heirs at law, came into court on 28 May, 1895, and entered a caveat to the probate thereof, alleging that the same was not the last will and testament of Frank Palmer, deceased, or any part thereof, and asking that the said probate be recalled, and the same be repropounded, and that an issue ofdevisavit vel non be submitted.
Thereupon the court ordered that the said probate be recalled, that the letters testamentary issued to E. A. Johnson be revoked, and that an issue of devisavit vel non be made up and submitted to the jury.
It was ordered that a citation issue to the heirs at law and next of kin of deceased to appear at the next term of the court to attend proceedings in the cause and to make themselves parties to the said issue, etc. The Clerk thereupon appointed J. C. Marcom collector of the estate.
E. A. Johnson, executor, moved to set aside so much of the foregoing order as removed him as executor, on the ground that there was no legal notice served on him before said order was made, and on the further ground that the removal was illegal without some cause being shown for the same.
The motion was overruled, and Johnson appealed to the Judge from the decision of the Clerk in refusing to set aside the order removing him as executor.
(135) Thereafter Johnson, upon affidavit, petitioned that the said Marcom, collector, be required to come into court and show cause why he should not be removed as said collector and the order appointing him set aside.
Mr. Marcom appeared in person and, by his counsel, filed no affidavit, but relied upon the record heretofore made in the case, citing the same to the court as the basis of his contention. The Clerk thereupon adjudged: "The matter of the revocation of the letters testamentary issued to E. A. Johnson having been heard before and determined, and the issue having been made in the court, I have no further jurisdiction in the matter, and therefore decline to revoke the letters of collection."
From the foregoing judgment E. A. Johnson, executor, appealed.
His Honor, on the hearing of the appeal, rendered the following judgment:
"On 27 May, 1895, the will of the said Frank Palmer, deceased, was probated in common form, and letters testamentary were issued to E. A. Johnson, executor named therein. On 28 May, 1895, a caveat was entered, and on 6 June, 1895, the Clerk ordered that the probate be recalled, and that the letters testamentary issued to E. A. Johnson be revoked. The record does not show that any order was issued by the Clerk, as provided in sec. 2171 of The Code, requiring the said E. A. Johnson to show cause why the letters should not be revoked. Neither *Page 97 
does it appear from the record that any cause was shown for his removal. In the fact that no such order was issued there is error; as also in the further fact of the removal of said Johnson as executor without cause shown.
"And therefore there is error also in the Clerk overruling the motion of E. A. Johnson, made 10 June, 1895, to set aside the order of 6 June, in so far as it revoked letters testamentary. (136)
"It follows from the above that the appointment of J. C. Marcom collector on 27 June, 1895, was irregular, and therefore erroneous; and that there was error in the Clerk overruling the motion of said Johnson on 9 August that the letters of Marcom be revoked.
"And the case is hereby remanded to the Clerk to be proceeded with according to law."
From the foregoing judgment the caveators and J. C. Marcom, collector, appealed.
The question for consideration is, Can the Clerk of the Superior Court, after a will has been admitted to probate in common form and letters testamentary issued to the executor, remove such executor and appoint a collector for the estate without a hearing based upon notice to show cause why he should not be removed? We are of the opinion that he cannot. In this case the caveat was filed after the will had been proved and the executor qualified. Under this condition of facts it was the duty of the Clerk, upon the giving by the caveators of the bond required by law, to have transferred the case to the Superior Court for trial, and also to have issued an order to the executor Johnson, the appellant, requiring him to preserve the property and collect the debts of the decedent until the issue devisavit vel non should be determined. The Code, sec. 2160. Instead of doing this he, on thecaveat being entered, ordered that the probate be recalled and that the letters testamentary which he had issued to the executor be revoked, no notice to show cause why this should not be done (137) having been given, nor any cause shown. The Clerk afterwards refused to set aside his order revoking the letters testamentary, and appointed J. C. Marcom collector.
Section 2160 of The Code is in these words: "Where a caveat is entered and bond given as directed in the two preceding sections, the Clerk of the Superior Court shall forthwith issue an order to any *Page 98 
personal representative having the estate in charge to suspend all further proceedings in relation to the estate, except the preservation of the property and the collection of the debts, until a decision of the issue is had."
It is clear that the appellant should have received this order from the Clerk, for he was the personal representative — the executor duly qualified — and he it was who had the property of his decedent in charge at the time the caveat was filed. Section 2160 of The Code is section 25 of chapter 119 Battle's Revisal, and this Court in the case ofSyme v. Broughton, 86 N.C. 153, in reference to this statute, said: "The object of the Legislature in enacting it was evidently intended to restrict the powers of an executor or administrator with the will annexed, but that restriction extended no further than to restrain such officer from executing the will according to its provisions, not affecting the other powers of his office." And in the same case the Court went on to say: "We think the proper construction of section 25, ch. 119, Battle's Revisal (sec. 2160 of The Code), is that after probate granted in common form and there is an executor who acts or an administrator with the will annexed appointed, his office is intended to be continued during a controversy about the will, and he has all the power and is subject to all the liabilities of an administrator or an executor, except that his right (138) to dispose of the estate according to the provisions of the will is suspended until the final determination of the suit."
The Court meant by the words "during a controversy about the will" a pending issue — devisavit vel non — for they were applying the law to a state of facts where the will was proved in common form and letters of administration with the will annexed had been granted to Broughton, the defendant in that action, and where afterwards there was acaveat and an issue made up to try the validity of the will. The Court in that case held that the letters granted to Broughton were never revoked, and that this administration was sanctioned and continued by said section 25 during the pendency of the suit. It was decided in Randolph v. Hughes,89 N.C. 428, where the effect of a caveat upon the powers of an executor where the will had been proved and letters testamentary issued was discussed, that "It is noticeable that the executor is not divested of all his representative powers; nor is the first probate vacated absolutely when the issue touching the will is made up to be tried; nor is there a necessity meanwhile for the appointment of an administrator pendente lite. The functions of the executor are suspended only until the controversy is ended, and he is still required to take care of the estate in his hands and may proceed in the collection of debts due the deceased." In Hughes v.Hodges, 94 N.C. 56, this Court said *Page 99 
concerning 2160 of The Code: "This provision is manifestly intended, in cases to which it is applicable, to dispense with the necessity of appointing an administrator pendente lite and confers very similar powers upon the executor, and more especially when he has entered upon the duties of his office before the caveat is entered." There is no way in this State by which an executor or an administrator who has had letters issued to him and who is in charge of his decedent's estate can be removed except after a hearing and upon notice given to show cause why he should not be removed. The causes for such (139) removal and the manner of having it done are prescribed in sections 2170 and 2171 of The Code. Murrill v. Sandlin, 86 N.C. 54;Edwards v. Cobb, 95 N.C. 9.
Section 1383 of The Code, providing for collectors, does not apply to cases where the will has been proved and the executor qualified; but it applies where there are difficulties in limine disconnected with controversy or contest over the will, preventing for the time the admission of the will to probate or the issuing of letters testamentary, e.g., protracted absence of witnesses, illness of executor, etc.; and also it applies where a caveat is entered at the time the will is offered for probate. A collector is appointed only in cases where there is no one in rightful charge of the estate, and in this respect there is a resemblance between him and an administrator pendente lite under the old system. Wherever a will has been admitted to probate and the executor or administrator c. t. a. qualified, there can be no necessity for the appointment of a collector under The Code, nor would there have been for the appointment of an administrator pendente lite under the old system, for the executor or administrator c. t. a. had the right to act to the extent of preserving the property and collecting the debts until the contest was decided. Syme v. Broughton, supra; Floyd v. Herring, 64 N.C. 409.
In the matter before us his Honor held that there was error in the order of the Clerk removing the executor without notice to him and without cause shown, in the Clerk's refusal to set aside the order revoking the letters testamentary, and in his refusal to revoke the letters he had issued to Marcom. There is no error in the rulings of his Honor.
No error. *Page 100 
(140)