A. C. DAVIS et al *v.* GEORGE BLEVINS and THOMAS HEATH.

(Decided December 13, 1898).

## *Probate of Will.*

1. The probate of wills is a judicial proceeding *in rem,* and the judgment is a judgment *in rem* and is good against the world, and cannot be attacked collaterally.

2. The case of *Railroad* v. *Mining Co.,* 113 N. C., 24, under *The Code* practice, where the Clerks have jurisdiction of the probate of wills, distinguished from the present case bearing on the probate of will, under the old County Court System.

CIVIL ACTION for recovery of land, tried before *Coble, J.,* and a jury, at July Term, 1898, of Superior Court of ASHE County.

As a link in their title the plaintiff proposed to read the will of George Bowers. The defendants objected on the ground of defective probate. Objection sus-

tained, and evidence excluded. Plaintiffs excepted, submitted to judgment of non-suit, and appealed.

Case agreed, signed by counsel.

Plaintiffs offered in evidence a script or paper-writing, purporting to be the last will and testament of George Bower, and stated that it was a necessary link in plaintiff's chain of title. It was admitted that Col. George Bower died about the year 1861 ; that said paper was found in the file of wills for said county, in the proper office ; that the same was recorded in the will book in said office, and that there was no entries of proof of any kind upon said will book; that on the back of said script or paper were the following entries :

"STATE OF NORTH CAROLINA—Ashe County.

I certify that the foregoing will has been duly proven and recorded as the law directs.

JAMES WAGG,<br>Clerk County Court."

"COL. BOWER'S WILL.

And said record of said will was offered in evidence by the plaintiffs, who also offered a record in a different book, which was admitted to be the record of the Court of Pleas and Quarter Session of said county, of October Term, 1861, and in the Minutes of said book appears the following entry, viz :

The last will and testament of Col. George Bower was produced in open Court for probate and duly proved according to law.

And on motion, America C. Bower was appointed administratrix with the will annexed (it appearing that no executor had been appointed in said will); and she filed her bond in the sum of one hundred thousand dol-

lars, with C. H. Doughton, Q. F. Neal and Robert Gam-
bill as securities. Bond accepted, and the administra-
trix qualified as the law directs."

His Honor, being of the opinion that said will had
not been duly proven, as provided by law, excluded the
same as evidence.

Whereupon, plaintiffs submitted to a judgment of
non-suit and appealed to the Supreme Court. Notice of
appeal waived. Appeal bond fixed at forty dollars.
Appeal bond filed in open court.

It is admitted that J. Z. Neal was appointed trustee
for Mrs. A. C. Davis and was made a party plaintiff
after the commencement of this action.

Case agreed.

> FIELDS, TODD & PELL,
>     Attorneys for Plaintiffs.
> R. A. DOUGHTON,
> BLACKBURN & COUNCIL,
>     Attorneys for Defendants.

*Messrs. Todd & Pell*, for appellants.
*Mr. R. A. Doughton*, for appellees.

FURCHES, J.: This is an action of ejectment, in
which the will of George Bower becomes a necessary
link in the chain of plaintiff's title. The plaintiff offer-
ed this will in evidence, on the back of which was writ-
ten, "State of North Carolina—Ashe County. I certify
that the foregoing will has been duly proven and record-
ed as the law directs. James Wagg, Clerk County
Court."

The plaintiff also offered in evidence the following
record on the minute docket of October Term, 1861, of
the Court of Pleas and Quarter Sessions of Ashe Coun-

ty: "The last will and testament of Col. George Bower, was duly produced in open court for probate and duly proved according to law."

"And on motion, America C. Bower was appointed administratrix with the will annexed (it appearing that no executor had been appointed in said will), and she filed her bond in the sum of one hundred thousand dollars with C. H. Doughton, Q. F. Neal and Robert Gambill as sureties. Bond accepted, and the administratrix qualified as the law directs."

But his Honor still being of the opinion that said will had not been sufficiently probated, sustained the defendant's objection and ruled out the will. Plaintiff excepted and submitted to a judgment of non-suit, and appealed.

The only question presented by this appeal is the sufficiency of the probate of the will of George Bower, to be allowed as evidence in the trial of this case. The question presented here is a very different one from what would have been presented upon a caveat, and appeal from the judgment of the County Court of Ashe County in 1861. That would have put the sufficiency of the probate directly in issue, and the trial would have been *de novo.* This appeal only attacks the judgment of the county court, collaterally which in our opinion could not be done.

"The probate of wills is a judicial proceeding *in rem*, and the judgment is a judgment *in rem* and is good against the world." 2 Freeman on Judgments, Section 608.

It must be presumed that when the County Court admitted this will to probate and proceeded to judgment, in which it held that the will, "was produced in open court for probate and duly proved according to law,"

that it was so proved. This view is sustained *In Re Young's Will* at this term. *Hutson* v. *Sawyer*, 104 N. C., 1; *Jenkins* v. *Jenkins*, 96 N. C., 254, on pp. 258 and 259; *Moody* v. *Johnston*, 112 N. C., 798, 800.

On the argument, objection was taken to the record of probate because it was on the minute docket. But this is no ground of objection, as the minute docket is the docket upon which such records were made, as the courts of probate were constituted at that time, and was therefore found just where it should have been found. The defendant cited *Railroad* v. *Mining Co.*, 113 N. C., 241, in support of the ruling of the court. But in doing so, he failed to note the fact that that decision was made under the present statute and *The Code* practice, and is not in point in this case; and, not being in point, it is not necessary that we should make any ruling as to its correctness, and we do not. But, as it became necessary to consider it, as it was cited as authority by defendant, we are not willing that it should pass without our calling attention to it, with the suggestion, that it may have been put upon incorrect principles.

. The clerks now have *jurisdiction* of the probate of wills, and they should not admit one to probate without taking the proof as provided by statute. But as they have *jurisdiction* to admit wills to probate, when they do so—whether their *judgments in rem* are not "binding on the world," and whether they can be collaterally attacked—*quære.*

In our opinion, the will of George Bower was competent evidence and should have been admitted in evidence on this trial. Error.

New trial.