T. M. OSBORNE and others v. G. W. LEAK and others.

## *Wills, probate of—Evidence.*

1. A script was offered for probate in the proper court and a *caveat* entered, and an issue *devisavit vel non* drawn and the case docketed for trial; the matter was compromised by the parties, and, by agreement, a verdict finding the script not to be the will of the deceased was recorded; *Held*, in an action to recover possession of land, the writing cannot be put in evidence as a muniment of title, with an unreversed judgment against it in the probate court; nor can the same be set up and established as a will in a collateral proceeding.

2. The probate of a will in the proper court is an indispensable prerequisite to its validity as a conveyance of real or personal estate. THE CODE, §2174.

3. Since the passage of this act in the Revised Code, all wills must be admitted to probate under its directions, without reference to the date of the execution of the will or death of the testator; and an exception that its retroactive operation impairs vested rights cannot be sustained.

4. The law, as it formerly existed under the Revised Statutes, ch. 122, §9, and the establishment of the will in an action to recover possession of the devised land, under the English practice, discussed by SMITH, C. J.

(*Redmond* v. *Collins*, 4 Dev., 430; *Morgan* v. *Bass*, 3 Ired., 243; *Gash* v. *Johnson*, 6 Ired., 289, cited and approved).

EJECTMENT tried at Spring Term, 1883, of FORSYTH Superior Court, before *Graves, J.*

There was a verdict and judgment for plaintiffs, and the defendants appealed.

*Messrs. Watson & Glenn,* for plaintiffs.
*Mr. J. T. Morehead,* for defendants.

SMITH, C. J.   The plaintiffs claim title to the land sought to be recovered in the suit, under a claim in the script which in form purports to be, and they allege is, the will of David Dalton, the former owner, executed in March, 1842, wherein the

28

land is devised to his son, Don Ferdinand Dalton, for life, with remainder in fee to his children, who, with the husbands of such as are married, are plaintiffs in the cause. Two of them of tender age were living at their grandfather's death, in 1847, and the others have been born since.

Soon after the death of the alleged testator, the script was propounded for probate in the county court of Stokes by Christina Dalton, the widow and executrix, and four of the children and devisees, and a *caveat* was entered thereto by the said Don Ferdinand and two other of the sons, also devisees.

Thereupon, an issue of *devisavit vel non* was drawn up and the cause entered on the docket for a jury trial. While so pending, a compromise was arranged among the contesting parties, whereby it was agreed that a verdict should be entered finding the script not to be the will of the deceased, and the verdict was so recorded without the introduction and examination of a witness.

Don Ferdinand, the life tenant, died in 1877, and in November of the same year the summons in this action was sued out.

The defendants derive title from some of the heirs-at-law of the deceased, to whom, in the partition of the lands among them, that now in dispute was allotted and assigned in severalty.

Upon the trial, the plaintiffs offered the script in evidence, and proposed to prove its due execution by the deceased. The defendants objected to the admission of the writing and the testimony in its support upon two grounds:

1. For that it had never been admitted to probate in the proper court; and

2. For that, when offered in the court having jurisdiction, it had been rejected, and the sentence remained unrecalled and in full force.

The objections were overruled and the defendants excepted.

The plaintiffs thereupon proceeded to show the death of both subscribing witnesses, and to prove the genuineness of their respective signatures, as also that of the deceased, at the foot of the instrument.

Upon this proof, after objection made and overruled, the plaintiffs' counsel were permitted to read the script to the jury, and to this the defendants except.

This brief statement is sufficient to present the only question in our view needful to be considered in passing upon the appeal. Was it competent, upon the trial, to set up and establish the legal efficacy of the instrument as a muniment of title with an unreversed judgment against it in the probate court?

Much and earnest discussion was indulged in the hearing before us upon the point whether, since the act of 1777, making probates of wills in the county court sufficient testimony for the devise of real estate, and copies certified from the office admissible evidence, and the act of 1784, requiring such probate and the submission of issues to the jury in contested cases, it was admissible, in accordance with the English practice, to make such proof in support of title in an action to recover the possession of devised land.

Although in several cases it is said this can be done (as in *Richmond* v. *Collins*, 4 Dev., 330, by RUFFIN, C. J.; and in *Morgan* v. *Bass*, 3 Ired., 243, by GASTON, J.; and in *Gash* v. *Johnson*, 6 Ired., 289, by DANIEL, J.), yet no case was referred to, and we have found none in which such evidence was in fact received in an action for recovering the possession of land. The convenience of having the validity of a will disposing of property of either kind determined in a single conclusive trial; instead of being contested in every case when the title to any land devised under it is controverted, must have suggested the legislation to which reference has been made, as well as the successive enactments that place devises of real estate and bequests of personalty upon the same footing, and require the same formalities in the testamentary disposition of either. Acts 1840–41, ch. 62; Acts 1846–47, ch. 54; Rev. Code, ch. 119, §2.

But whatever doubt may have been entertained as to the purpose and scope of the act of 1784, as found in the Revised Statutes, ch. 122, §9, it is put aside by the clear and unambiguous

terms in which its amended form appears in the Revised Code, ch. 119, §20.

"*No will shall be effectual to pass real or personal estate unless it shall have been duly proved and allowed in the probate court;* and the probate of a will devising real estate shall be conclusive as to the execution thereof against the heirs and devisees of the testator, whenever the probate thereof, under the like circumstances, would be conclusive against the next of kin and legatees of the testator."

Had there never been a propounding of the will and no sentence against it, the proof of it in a collateral proceeding would give it no efficacy in conveying land, since the probate in the proper court is an indispensable prerequisite to its validity as a devise, as is required the registration of a deed in order to its operation as a conveyance. It as unavoidably follows that a sentence *against* the script in a proceeding for probate is equally conclusive against it while it remains unrecalled.

But it is argued for the appellees that the amended enactment, as part of the Revised Code, did not go into effect until the first day of January, 1856, after the execution of the will and the death of the maker, and to give it this retroactive operation would be an impairment of vested rights.

The argument cannot be maintained. Since that date all wills, whenever the testator may have died, must be admitted to probate under the directions of the act, with the conclusive consequences of the sentence pronounced in the court having jurisdiction. The change consists in the substitution of a single trial, wherein all interested under or against the instrument may be heard, the adjudication in which, while it stands, determines the question of the execution and validity of the script, in place of allowing the issue to be raised and contested in every action which a devisee may bring for the recovery of devised land. It deprives no one of a right nor interferes with its enforcement as effectually as before. The will must be established under the English rule by one deriving title through it in an ejectment—

no more is demanded by the present law—a single decision under an exclusive jurisdiction in one suit settles the question once for all.

If the probate be *ex parte*, of course a repropounding may be required by an interested party, as we have decided in *Randolph* v. *Hughes* at the present term, *ante*, 428, but in all cases the judgment in the probate court remains in force until annulled or modified by a direct proceeding in that court to that end. The whole policy of our legislation would be disturbed if an instrument, contested and declared by verdict not to be the will, in a court of special and exclusive jurisdiction, could be set up in a collateral action, as was allowed in the present case, when proof of handwriting alone had to be resorted to after a lapse of more than thirty years, and evidence upon the point of capacity, the want of which seems to have been the basis of the compromise, must be so difficult of attainment. The facts of this case vindicate the wisdom and propriety of our legislation on the subject.

There is error. The judgment is reversed and there must be awarded a *venire de novo*. It is so ordered.

Error.                                    *Venire de novo.*