## DONOVAN GRIFFIN v. J. W. BAKER.

(Filed 13 October, 1926.)

**1. Pleadings—Demurrer.**

> Demurrer to complaint in an action for abuse of process will not be upheld if any part of the pleadings liberally construed will sustain the action.

**2. Process—Actions—Abuse of Process.**

> Abuse of process is the unlawful use of the process regularly issued, in proper form, from the court.

APPEAL by defendant from *Bond, J.,* at August Term, 1926, of FRANKLIN. Affirmed.

*W. H. Yarborough and Ben T. Holden for plaintiff.*
*Thomas W. Ruffin for defendant.*

PER CURIAM. Two causes of action are relied on by plaintiff: (1) Libel; (2) Abuse of the process of the court. The defendant demurred.

A demurrer to a pleading admits the facts stated therein for the purpose of passing upon the questions raised by demurrer. On demurrer a complaint will be sustained if its allegations constitute a cause of action or if facts sufficient for this purpose are logically inferable therefrom under a liberal construction of its terms.

1 R. C. L., p. 102, defines Abuse of Process: "Abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is the malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured."

"There is malicious abuse of process where a party under process legally and properly issued employs it wrongfully and unlawfully, and

not for the purpose it is intended by law to affect." *Stanford v. Grocery Co.*, 143 N. C., at p. 422; *Jackson v. Telegraph Co.*, 139 N. C., p. 347; *R. R. v. Hardware Co.*, 135 N. C., 73; *S. c.*, 138 N. C., 174; *S. c.*, 143 N. C., 54.

The rule is well established that where a general demurrer is filed to a petition as a whole, if any count of the pleading is good and states a cause of action, a demurrer should be overruled, and the same rule governs as to demurrers to defenses. 21 R. C. L., sec. 77.

The complaint states a cause of action for abuse of process. On the record it is unnecessary to discuss the question of libel.

For the reasons given the judgment is

Affirmed.