GERTRUDE BURROUGHS ET AL. v. ELIJAH WOMBLE.

(Filed 22 November, 1933.)

1. **Pleadings D e—**

Upon demurrer a complaint will be construed most favorably to plaintiff, and the demurrer will be overruled if, in any view, the complaint states a cause of action.

2. **Partition B b; Husband and Wife B d—Deed to husband and wife solely to effect partition to husband does not create estate by entireties.**

Where tenants in common in lands agree to a division thereof, and in order to effect a partition, execute deeds to each other for their respective shares, the fact that the deed to one of them is executed to him and his wife does not create an estate by the entireties in the husband and wife, but operates merely as a partition of the land and conveys no additional estate, and where the wife survives the husband, an action by her heirs to recover possession of the land from the husband's heirs,

in which no equitable element is involved or presented, a demurrer to the complaint setting forth such deed to the husband and wife is properly sustained.

**3. Ejectment C a—**

Where in an action to recover possession of land plaintiffs set out in their complaint the deed under which they claim, they are bound by its contents.

APPEAL by plaintiffs from *Harris, J.,* at Chambers, 14 October, 1933. From WAKE.

The court sustained the defendant's demurrer to the complaint and the plaintiffs appealed. Affirmed.

*J. M. Broughton and W. H. Yarborough, Jr., for appellants.*
*Jones & Brassfield for appellee.*

ADAMS, J. It is axiomatic that the complaint must be construed most favorably in behalf of the plaintiffs and that if it states a cause of action in any view the demurrer must be overruled. The plaintiffs allege that they are the only heirs at law of Emeline Richardson, who died intestate; that they are the owners in fee and are entitled to possession of the land described in the complaint; and that the defendant wrongfully withholds the possession. If these were the only allegations it would be necessary to overrule the demurrer; but the plaintiffs assert their title by making the deed under which they claim a part of the complaint and are bound by its contents. Their title is founded upon the contention that Gray H. Harris and his wife conveyed the land in controversy to S. R. Richardson and Emeline Richardson, his wife, under whom the plaintiffs claim; that the grantees acquired an estate by entirety; that upon the death of S. R. Richardson the title vested in the surviving wife; and that upon her death the plaintiffs succeeded to her estate. The deed was executed by Harris and his wife pursuant to the following recital: "Whereas the said S. R. Richardson and Gray H. Harris are the owners as tenants in common of a tract of land purchased by them from G. B. Alford and wife, Texanna Alford, the 29th day of March, 1909, by deed recorded in Book 237 at page 278 in the office of the register of deeds of Wake County, and whereas the said S. R. Richardson and Gray H. Harris are desirous of dividing and deeding to each other one-half in value of the said land, so that each may hold his part in severalty, and whereas the said S. R. Richardson and Gray H. Harris have had the said land surveyed and have agreed upon a division of the same, and whereas the said S. R. Richardson and Gray H. Harris have mutually agreed to execute deeds to each other for their respective portion of said land which they held as tenants in common."

A conveyance of real property to a husband and his wife ordinarily creates an estate by entirety and upon the death of one the whole belongs to the other by right of survivorship. *Simonton v. Cornelius,* 98 N. C., 433. In the present case this principle has no application. According to the preamble in the deed the conveyance from Harris and his wife to Richardson and his wife operated merely as a partition of the land owned by Harris and Richardson as tenants in common and did not convey any additional estate. Emeline Richardson therefore acquired no independent interest by the conveyance; the interest which was already her husband's was simply assigned to him by metes and bounds. *Harrison v. Ray,* 108 N. C., 215; *Harrington v. Rawls,* 136 N. C., 65; *Jones v. Myatt,* 153 N. C., 225; *Speas v. Woodhouse,* 162 N. C., 66; *Valentine v. Granite Corp.,* 193 N. C., 578.

This is an action at law in which no equitable element is involved or presented for consideration. Judgment

Affirmed.