### HUGH E. LEWIS v. MARVIN LEE.

(Filed 10 April, 1957.)

**1. Pleadings § 15—**

A demurrer admits the truth of the facts properly alleged, and relevant inferences of fact necessarily deducible therefrom, but it does not admit inferences or conclusions of law.

**2. Same—**

Upon demurrer, the complaint must be liberally construed with a view to substantial justice, giving the pleader the advantage of every reasonable intendment therefrom, and the pleading must be fatally defective before it will be rejected. G.S. 1-151.

LEWIS v. LEE.

**3. Automobiles §§ 15, 35—**

　　A complaint alleging that defendant, the driver of the car in which plaintiff was riding as a passenger, was suddenly confronted by a car approaching from the opposite direction on its left of the highway, that defendant pulled to his left of the highway and that the operator of the other car pulled back to his right and collided with defendant on defendant's left of the road, *held* insufficient to state a cause of action, since defendant's act in pulling to the left when confronted by the emergency cannot be held an act of negligence under the circumstances, and the facts alleged show that the collision was independently and proximately produced by the wrongful act of the driver of the other car.

**4. Automobiles § 35—**

　　Where the complaint alleges in effect that defendant drove to his left of the highway in order to avoid collision with a vehicle suddenly appearing and approaching from the opposite direction on its left side of the highway, and then alleges that defendant drove to his left without due caution and without keeping a proper lookout and in maneuvering his vehicle to turn right into his driveway, the repugnant allegations destroy and neutralize each other, and the remaining allegations are insufficient to show negligence on the part of defendant.

**5. Pleadings § 19c—**

　　Where in stating a single cause of action the complaint alleges two repugnant statements of fact, the repugnant allegations destroy and neutralize each other, and where, with the repugnant allegations thus eliminated, the remaining averments are insufficient to state a cause of action, demurrer will lie.

　　RODMAN, J., dissenting.
　　BOBBITT, J., concurs in dissent.

APPEAL by defendant from *Moore, Clifton L., J.,* at October-November 1956 Civil Term, of NASH.

Civil action to recover for personal injuries allegedly proximately caused by negligence of defendant.

It is admitted in the pleadings that on 18 December, 1955, plaintiff was riding as a guest in an automobile owned and operated by defendant Marvin Lee at or about 11:30 a.m., on a rural paved highway leading from Red Oak to Reed's Store in Nash County.

And plaintiff alleges in paragraph 3 of his complaint that "defendant was driving his automobile in a northerly direction at approximately 35 miles per hour and about one mile from Reed's Store and almost in front of defendant's home, when suddenly Dock Richardson, operating an automobile, appeared on the highway in front of the defendant driving in the opposite direction, that is, meeting the defendant and on the wrong side of the road." That "the defendant pulled over beyond the center of the road and to his left-hand side of the road and the

automobile being operated by Dock Richardson pulled back to its right and met the defendant Marvin Lee on Lee's wrong side of the road." That "Lee was in the act of turning in his driveway at the time of the collision and had carelessly, negligently and without proper lookout and due caution drove over on the wrong side of the road causing and bringing about the collision and damages . . . complained of." And in paragraph 7 of the complaint plaintiff alleges "that the negligence of the defendant, Marvin Lee, in driving his automobile on the wrong side of the road as hereinabove alleged, was one of the proximate causes of plaintiff's injuries and damage."

Defendant, answering, denies that he was negligent as alleged in the complaint, and for a further answer and in bar of plaintiff's right to recover in this action, defendant pleaded assumption of risk; and as the sole and proximate cause of collision negligence of Richardson.

Upon the trial in Superior Court plaintiff was the only witness in respect to the collision.

At the close of plaintiff's evidence defendant (1) demurred *ore tenus* to plaintiff's complaint, and (2) moved for judgment as of nonsuit. Both motions were overruled, and defendant excepted to each ruling.

Defendant then announced that he would offer no evidence, and renewed (1) his demurrer *ore tenus* to plaintiff's complaint and (2) his motion, at the close of all the evidence, for judgment as of nonsuit. Both motions were overruled, and defendant excepted to each ruling.

The case was submitted to the jury on two issues, shown in the record, which the jury answered in favor of plaintiff as indicated.

From judgment signed in accordance with the verdict, defendant appeals to Supreme Court, and assigns error.

*T. A. Burgess and Davenport & Davenport for Plaintiff Appellee.*
*Valentine & Valentine and Broughton & Broughton for Defendant Appellant.*

WINBORNE, C. J.    Defendant appellant renews in this Court his demurrer *ore tenus* to the complaint of the plaintiff. It, like the demurrers filed in Superior Court, was upon the ground that the complaint does not state facts sufficient to constitute a cause of action against the defendant for actionable negligence.

For this purpose the truth of the allegations contained in the complaint is admitted, and "ordinarily relevant inferences of fact necessarily deducible therefrom are also admitted. But the principle does not extend to admissions of conclusions or inferences of law." *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761. See among many other cases *Hollifield v. Everhart,* 237 N.C. 313, 74 S.E. 2d 706; *McLaney v. Motor Freight, Inc.,* 236 N.C. 714, 74 S.E. 2d 36, and cases cited.

Also it is provided by statute, G.S. 1-151, that "in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties." And the decisions of this Court interpreting and applying the provisions of this statute require that every reasonable intendment must be in favor of the pleader. The pleading must be fatally defective before it will be rejected as insufficient. See *Ins. Co. v. McCraw,* 215 N.C. 105, 1 S.E. 2d 369, and cases there cited.

In the light of the provisions of the statute, as so interpreted and applied, admitting the truth of the facts alleged in the complaint, this Court is constrained to conclude as a matter of law that the allegations in respect to defendant are fatally defective upon the ground on which the demurrers are predicated, that is, it affirmatively appears upon the face of the complaint that the injury of which plaintiff complains was, as stated by *Stacy, C. J.,* in *Smith v. Sink,* 211 N.C. 725, 192 S.E. 108, "independently and proximately produced by the wrongful act, neglect, or default of an outside agency or responsible third person," to wit, Dock Richardson. See *McLaney v. Motor Freight Inc., supra,* and cases cited.

The facts alleged show that defendant was traveling at a speed of 35 miles per hour, when the car driven by Dock Richardson suddenly appeared in front of defendant on defendant's right side of the road. Under such circumstances, as contended by appellant in brief filed in this Court, defendant was "confronted with the choice of meeting the Richardson car head-on or turning to his left in the hope of avoiding a head-on collision." Compare *Henderson v. Henderson,* 239 N.C. 487, 80 S.E. 2d 383. Indeed the allegations present a factual situation similar to that in *Ingram v. Smoky Mountain Stages, Inc.,* 225 N.C. 444, 35 S.E. 2d 337, where *Barnhill, C. J.,* writing for the Court declared: "That the bus driver, when he saw the automobile enter the highway just ahead of him, cut his bus to the left and crossed the center line cannot, under the circumstances of this case, be held an act of negligence. It is a human instinct when a collision is impending between two vehicles to turn or cut away from the other vehicle. The evidence here discloses that it was done in an effort to avoid the collision. There is no circumstance tending to show that it was other than what a man of reasonable prudence would have done."

While it is true that it is set forth in the complaint that the defendant was in the act of turning in his driveway at the time of the collision, and had carelessly, negligently and without proper lookout and due caution driven over on the wrong side of the road causing and bringing about the collision and damages of which complaint is made, this is no more than a conclusion of the pleader and is negatived by the facts alleged immediately prior thereto in the same paragraph.

The two allegations cannot be reconciled. This brings the case within the principle set forth in *Lindley v. Yeatman,* 242 N.C. 145, 87 S.E. 2d 5, that is, that "Where in stating a single cause of action the complaint alleges two repugnant statements of fact, the repugnant allegations destroy and neutralize each other, and where, with the repugnant allegations thus eliminated, the remaining averments are insufficient to state a cause of action, demurrer will lie." See McIntosh, N. C. Practice & Procedure, Section 353; 21 Am. Jur., Pleading, Section 221.

Hence for error in overruling demurrers *ore tenus* the judgment from which appeal is taken is

Reversed.

RODMAN, J., dissenting: I dissent from the opinion of the majority, not because of any disagreement as to legal principles, but because I think the language of the complaint describing the factual situation and defendant's conduct is sufficiently broad, even though lacking in details, to authorize recovery when interpreted in the light of plaintiff's testimony describing the situation under which the collision occurred. He testified: "We were coming down the road and just before we got to Marvin Lee's avenue, which was on our right side that we were on, I looked up and I saw a car coming around the bend up there by the tobacco barns on the Tucker farm and when he come around the curve he was on our side of the road. He was between 250 and 300 yards, probably 400, from us at that time. He stayed on our side of the road a right good while. I would say the car coming towards us got within 35 or 40 yards when he turned into his side of the road." Again he testified: "When we were about 35 to 45 yards apart, Richardson swerved across the road a little bit. He looked like he might have looked up and saw us. He won't directly on our side, but he was straddling the center line when he went across to his proper side. He got on his side fully 45 yards from us; he was on his side then. . . . I don't say that Lee cut to his left when he was about 35 or 45 yards from Richardson to keep from having a wreck. I told you before that there was room on that dirt on Lee's side that he could have got off on his side. There's six feet of flat land there . . ."

The Court treats the allegation of the complaint that Dock Richardson suddenly appeared on the wrong side of the road as having only one meaning: that he suddenly appeared in such close proximity as to create an emergency for which defendant was not responsible. I concede that it might have that meaning, but I think that it may as well describe the condition depicted by plaintiff, viz., that the vehicles were 250 to 400 yards apart when Dock Richardson turned the corner or curve on the wrong side of the road. Such a situation bears no resemblance to the factual situation described in *Henderson v. Henderson,*

239 N.C. 487, nor in *Ingram v. Smoky Mountain Stages, Inc.*, 225 N.C. 444, relied upon by the majority to sustain their position. Defendant did not object to plaintiff's testimony describing the situation. The facts related do not, as a matter of law, in my opinion, portray a sudden emergency created without fault of defendant. Plaintiff could not, of course, allege one cause of action and recover on a different factual situation. The *probata* must correspond to the *allegata*. Hence, it seems to me, that the interpretation placed on the pleadings at the trial by plaintiff, by defendant, and by the court that the facts alleged accorded with the testimony ought now to be accepted by this Court as a correct interpretation of what the plaintiff intended to say when he filed his complaint. If it was lacking in detail, defendant's remedy was by motion to make it more specific and certain.

I think the pleadings suffice to permit the plaintiff to offer evidence. I think there is evidence on which the jury could find in favor of the plaintiff. *Hoke v. Greyhound Corporation*, 227 N.C. 412. No exception was taken to the charge of the court. It is my opinion defendant has not demonstrated error.

BOBBITT, J., concurs in dissent.