RAYMOND E. HARGRAVE v. WADE A. GARDNER, ADMINISTRATOR OF THE
ESTATE OF LILLIAN E. GRADY, DECEASED.

(Filed 24 March, 1965.)

### 1. Executors and Administrators § 18—

Where an administrator is appointed prior to the institution of probate proceedings and plaintiff files claim for money advanced deceased upon her promise to repay or make testamentary provision in payment, judgment dismissing claimant's suit against the estate cannot have the effect of preserving plaintiff's claim against the bar of the statute of limitations in the event the will is not upheld, even though the judgment of dismissal is "without prejudice", since the court has no authority to waive a defendant's right to plead the statute of limitations. G.S. 28-112.

### 2. Limitation of Actions § 9—

G.S. 1-24 does not suspend the running of the statute of limitations against a claim against an estate during controversy on probate of a will when an administrator has been appointed for the estate and the claim has been duly filed with and rejected by the administrator.

### 3. Pleadings § 12—

The complaint must be liberally construed upon demurrer, and the facts alleged and relevant inferences of facts deducible therefrom must be taken as true, without considering matters *dehors* the pleading.

### 4. Executors and Administrators § 2—

The authority of an administrator continues until properly revoked, and the presentation of a paper writing to the clerk for probate does not revoke such authority, nor does the order of the clerk directing the administrator to suspend further proceedings except for the preservation of the property and the collection of debts and the payment of liens, pending the decision of the issue in the will contest, prevent the administrator from suing and being sued. G.S. 31-36.

### 5. Actions § 3;  Payment § 1;  Executors and Administrators § 18; Wills § 8— Claimant may maintain action notwithstanding probate of paper writing providing payment, final payment being merely affirmative defense.

Plaintiff alleged that he advanced money to decedent upon her promise to repay same or make testamentary provision in payment. An administrator was appointed for decedent and thereafter probate proceedings of a paper writing were instituted. Plaintiff admitted that the paper writing devised property to him in satisfaction of his claim. *Held:* The unprobated

and unrecorded paper writing cannot constitute payment, and plaintiff's action on his claim against the administrator is improperly dismissed on demurrer on the ground that no cause of action accrued to plaintiff unless and until it was determined that the paper writing was not the last will and testament of decedent. Further, the probate of the paper writing in common form does not alter this result when an appeal is taken therefrom, since the vesting of the title under the probated will cannot be final until the determination of the caveat, which must proceed judgment, and plaintiff's claim against the estate subsists until discharged by final payment, which is an affirmative defense to be alleged and proven by the administrator.

APPEAL by plaintiff from *Mintz, J.,* October 1964 Civil Session of WILSON.

Civil action for money loaned. The complaint alleges in substance these facts:

Lillian E. Grady, a resident of Wilson County, North Carolina, died 24 May 1963. From time to time over a period of twenty years prior to decedent's death, plaintiff loaned and advanced to her sums of money, totaling $15,000, for living expenses and her other needs. The loans and advances were made at decedent's request upon her promise to repay them or make adequate provision for repayment in her will. She did not make repayment, but after her death a paper writing, in her own handwriting, was found among her possessions; it purported to will and devise to plaintiff an interest in her real estate, ample in value to repay the loans and advances. A petition has been filed with the clerk of superior court of Wilson County to obtain the probate of the paper writing as the last will and testament of said Lillian E. Grady. Her heirs at law have answered the petition and denied that the paper writing is a valid will. Prior to the filing of the petition and institution of the probate proceeding defendant was appointed administrator of the estate of Lillian E. Grady. To protect his rights plaintiff filed with defendant administrator a claim for the $15,000 due him, but defendant denied the claim. When the petition to probate the will was filed, the clerk of superior court entered an order directing defendant to suspend all further proceedings in relation to the estate until a final determination is had in the probate proceedings. If, upon final determination of the probate proceeding the paper writing is not probated as the last will and testament of Lillian E. Grady, plaintiff will be entitled to recover of her estate said sum of $15,000 by virtue of her failure to make payment thereof personally or by valid will. (A copy of the paper writing is attached to the complaint marked "Exhibit A", and made a part of the complaint by reference.)

Defendant demurred to the complaint on the ground that it "does not state facts sufficient to constitute a cause of action, in that it affirm-

atively appears upon the face of the complaint that plaintiff's alleged cause of action, if any, is solely predicated upon a contingency which has not happened."

The court, being of the opinion that the complaint shows on its face that the cause of action stated therein had not accrued, ordered the action dismissed "without prejudice to the right of plaintiff to maintain his action in the event Exhibit A . . . is finally adjudged not to be the will of Lillian E. Grady."

Plaintiff noted his exception and appeals.

*Carr and Gibbons for plaintiff.*
*Lucas, Rand, Rose and Morris and Louis B. Meyer for defendant.*

MOORE, J. The demurrer was sustained below on the theory that the facts alleged by plaintiff affirmatively show that the purported cause of action has not accrued and will not accrue until there has been a final judicial determination that the paper writing is not the last will and testament of Lillian E. Grady, that is, that the cause of action "is solely predicated upon a contingency which has not happened." The action was dismissed. This result, if sustained, leaves plaintiff entoiled in a procedural snarl which may ultimately defeat his claim, assuming the claim is meritorious and he is entitled to payment. If the paper writing is finally adjudged to be decedent's will, the devise to plaintiff will constitute payment. If the adjudication is otherwise, the cause of action will be barred.

The judge, realizing plaintiff's dilemma, undertook to protect his rights by dismissing the action "without prejudice to the right of plaintiff to maintain his action in the event Exhibit A attached to the complaint is finally adjudged not to be the will of Lillian E. Grady." We do not perceive how this provision of the judgment improves plaintiff's position. The action was "dismissed at the cost of plaintiff"; the "without prejudice" provision does not serve to retain it. An action may be *maintained* though subject to a plea in bar — on the hope that defendant will not plead the statute of limitations. There is nothing in the complaint or demurrer to indicate that defendant has waived his right to plead the statute; the court has no authority to waive it for him or to deprive him of this or any other defense, and has not undertaken to do so. The clerk of superior court appointed an administrator of the estate as in case of intestacy. Plaintiff filed his claim with the administrator, who denied it. Therefore, to preserve the claim it was necessary for plaintiff to institute action thereon within three months after notice of the denial. G.S. 28-112. An adjudication that the paper writing is not the will of decedent would establish that Lillian E. Grady

died intestate. A suit filed after such adjudication would arise more than three months after rejection of the claim and would therefore be barred.

It is suggested that, by virtue of G.S. 1-24, the running of any applicable statute of limitations is suspended during the controversy on probate of the will. This statute has no application where, as here, an administrator has been appointed. *Stelges v. Simmons,* 170 N.C. 42, 86 S.E. 801; *Hughes v. Boone,* 114 N.C. 54, 19 S.E. 63.

We come now to consider whether the complaint states an existing cause of action. Facts alleged, and relevant inferences of facts deducible therefrom, are deemed admitted where the sufficiency of a complaint is tested by demurrer. *Copple v. Warner,* 260 N.C. 727, 133 S.E. 2d 641; *Stegall v. Oil Co.,* 260 N.C. 459, 133 S.E. 2d 138. Matter *dehors* the pleading may not be considered in passing upon a demurrer. *Jewell v. Price,* 259 N.C. 345, 130 S.E. 2d 668. The judge must accept the facts as alleged and bottom his judgment thereon. The complaint must be liberally construed, giving the plaintiff the benefit of every reasonable intendment in his favor. 3 Strong: N. C. Index, Pleadings, § 12, p. 624.

These facts appear: Plaintiff loaned money to Lillian E. Grady upon her promise to personally repay or to make provision for repayment in her will. She died without having paid the debt. It has not otherwise been paid. Defendant was appointed administrator of Lillian E. Grady's estate; plaintiff filed his claim with defendant administrator; defendant denied the claim. A paper writing purporting to be a will was found; it undertakes to devise property to plaintiff in compliance with decedent's agreement. A petition has been filed with the clerk of superior court offering the paper writing for probate; decedent's heirs contest the validity of the paper writing. It has not been admitted to probate.

According to the agreement of plaintiff and Lillian E. Grady with respect to the loan, payment became due in any event at the moment of her death. The debt has not been paid, and defendant refused to recognize it. The existence of the paper writing did not postpone the accrual of the cause of action. At the time the action was instituted and the complaint was filed, the paper writing had not been admitted to probate. Both the claim and the validity of the paper writing had been denied. An unprobated will is not muniment of title; it cannot be established as a will in a collateral proceeding; it conveys no title to property until it is probated and recorded. G.S. 31-39; *Paul v. Davenport,* 217 N.C. 154, 7 S.E. 2d 352; *Osborne v. Leak,* 89 N.C. 433. Title to land descends to the heirs, subject to be divested in favor of a devisee when a will is duly admitted to probate. *Floyd v. Herring,* 64 N.C. 409. When the paper writing in the case at bar was presented to

the clerk for probate, defendant's authority to administer the estate was not revoked by the clerk or by operation of law. The authority of the administrator continues until properly revoked. *Floyd v. Herring, supra.* The clerk entered an order directing defendant to suspend further proceedings, except preservation of property, collection of debts, and payment of taxes and debts which are a lien on property, pending the decision on the issue in the will contest. G.S. 31-36. But this does not prevent the administrator from suing and being sued. *In re Palmer's Will,* 117 N.C. 133, 23 S.E. 104; *Hughes v. Hodges,* 94 N.C. 56; *Syme v. Broughton,* 86 N.C. 153. He has authority to defend an action against the estate for collection of an alleged debt.

The provisions of the unprobated, unrecorded and contested will do not amount in law to payment of plaintiff's claim, nor proof of such payment, nor proof of compliance by decedent with her contract. They do not convey title to plaintiff and do not constitute a defense to the action. Plaintiff's allegations with respect to the paper writing are in explanation of the contract and in support of the validity of the contract. Plaintiff frankly states that, in the event the paper writing is finally determined to be the will of decedent, he will accept the property devised as payment of the indebtedness. Plaintiff's cause of action does not arise because of the will or its invalidity; it arises because of the debt. The will, if valid, is a matter of defense. The contingency, of which defendant speaks, relates to the defense and not to the prosecution of the claim. If the will is finally established, defendant will have a perfect defense to the action. If the will is not upheld, defendant must resort to some other available defense, if any there be.

The court erred in sustaining the demurrer. In the orderly litigation of the rights of the parties, it would seem inappropriate to bring this case to trial prior to the final disposition of the will contest. However, this is not a matter for our decision on this record.

Pending the hearing of this appeal, defendant filed in this Court a motion to dismiss the appeal on the ground that it has become moot by reason of the probate and recordation of the paper writing as the last will and testament of Lillian E. Grady, since the ruling on the demurrer.

In support of the motion defendant adverts to these principles of law: "Under the statute now codified as G.S. 31-19, the order of the clerk admitting the paper writing to probate constitutes conclusive *evidence* that the paper writing is the valid will of decedent until it is declared void by a competent tribunal or an issue of *devisavit vel non* in a caveat proceeding." *Holt v. Holt,* 232 N.C. 497, 61 S.E. 448. Once it is admitted to probate and recorded by the clerk, it relates back to the death of the testator. G.S. 31-41; *In re Marks' Will,* 259 N.C. 326,

130 S.E. 2d 673. "The probated will constitutes a muniment of title unassailable except in direct proceedings. G.S. 31-19. It operates as a conveyance of title to the land devised. Any action or proceeding contesting its validity directly assails the validity of such conveyance and necessarily involves the title." *Whitehurst v. Abbott*, 225 N.C. 1, 5, 33 S.E. 2d 129. These are sound propositions of law when appropriately applied.

Here we set out defendant's contentions verbatim. "Plaintiff's cause of action is based upon the premise that Lillian E. Grady died without a will providing for repayment of the sums advanced to her by plaintiff. A will has now been probated which fulfills the testatrix's promises to the plaintiff. Title to the property sought by the plaintiff has now vested in him. Only upon the successful caveat of this will would testatrix's estate be indebted to the plaintiff. Only until that contingency occurs, if it ever does, would the plaintiff's cause of action accrue." Further: "Plaintiff contends that, if the caveat is successful and the paper writing is adjudged not to be the will of Lillian E. Grady, he would then be unable to maintain this suit because of the statute of limitations. As to this, the appellee contends that the plaintiff, already having filed his suit, is now protected in this contingency by the judgment of Mintz, J., sustaining the demurrer . . ."

From the order of the clerk admitting the paper writing to probate, a copy of which is attached to the motion, it appears that the heirs at law of Lillian E. Grady and *defendant administrator* excepted and gave notice of appeal to the superior court. It is patent that defendant does not concede that the will is valid and he and the heirs intend to contest it by caveat. Moreover, if defendant did concede the validity of the will, it would not be binding on the court in the caveat proceeding. "The (caveat) proceeding must proceed to judgment, and nonsuit and directed verdict are inapposite." 4 Strong: N. C. Index, Wills, § 12, p. 485. Conceding that title to the land devised is at the moment vested in plaintiff, such title, if the question were properly presented to the court, would not justify a ruling that the debt has been paid. The final determination as to the validity of the will has not been made. Under the contract between plaintiff and the deceased, *temporary* payment does not discharge the debt.

If it is finally determined that the paper writing is not the will of deceased, such determination will establish that Lillian E. Grady died intestate and the status of intestacy will be deemed to have existed at all times since her death. What was said above concerning the "without prejudice" provision of the judgment below, as bearing on the statute of limitations, is equally valid on this motion to dismiss the appeal, and will not be repeated in this connection.

If defendant desires to take advantage in this action of the clerk's order or any future order or judgment of superior court in the will contest, he must do so by answer and upon trial. Under plaintiff's pleadings, payment by devise is a matter of defense. The motion to dismiss the appeal is overruled.

The judgment below is

Reversed.