MARIE STREATER v. ADELL MARKS AND CORNELIUS EUGENE
McCARTHA.

(Filed 13 April, 1966.)

**1. Automobiles § 35;    Negligence § 20;    Pleadings § 8;    Torts § 3—**

Where a passenger in an automobile states a cause of action against each driver involved in the collision in suit, neither defendant is entitled to file a cross-action against the other for contribution.

**2. Automobiles § 35— Complaint held to state cause of action for concurring negligence of defendants.**

In an action by a passenger in an automobile against the driver thereof and the driver of the other car involved in the collision, allegations to the effect that the collision occurred on a curve as the result of the negligence of the driver of the car in which plaintiff was riding in failing to maintain a reasonable and proper lookout and in operating his vehicle at a speed in excess of that which was reasonable and prudent under the prevailing circumstances, and that the driver of the other car was negligent in failing to maintain a proper lookout and control of his vehicle and in operating at a speed in excess of that which was reasonable and prudent under prevailing conditions, and that his vehicle crossed the yellow-marked center line and crashed into the vehicle in which plaintiff was riding, and that the negligence of defendants concurred in causing the accident and damage, *held* to state a cause of action against each driver as a joint tort-feasor, there being no allegation leading to the conclusion that the driver of the car in which plaintiff was riding could not have seen the other vehicle in his path in time to have avoided the collision.

**3. Pleadings § 12—**

Upon demurrer for failure of the complaint to state a cause of action, the complaint is to be liberally construed and every reasonable intendment and presumption must be made in plaintiff's favor.

**4. Judgments § 29—**

Parties to an action who are not adversaries and who do not have an opportunity to litigate their differences *inter se* are not precluded by the judgment from thereafter litigating their rights *inter se*.

**5. Same;    Torts § 3—**

In an action by one driver against the other, judgment was rendered that plaintiff recover nothing because of the adjudication of contributory negligence. Thereafter a passenger in one of the cars sued both drivers alleging a cause of action against each as a joint tort-feasor. *Held:* If the passenger recovers judgment against only one of the drivers, such driver would not be precluded from thereafter maintaining an action against the other for contribution.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.

SHARP, J., dissenting.

BOBBITT, J., joins in the dissenting opinion.

APPEAL by defendant Marks from *McConnell, J.,* May 1965 Civil Session of RICHMOND. Docketed and argued as Case No. 529 Fall Term 1965, and docketed as Case No. 522 Spring Term 1966.

The plaintiff sued both Marks and McCartha to recover for personal injuries sustained by her in an automobile collision. She alleges that she was a passenger in the automobile driven by Marks which collided on a curve in the highway with the automobile driven by McCartha in the opposite direction.

As to McCartha, the complaint alleges that the McCartha automobile "came across the yellow-mark center line and crashed head-on with great force and violence into the vehicle of defendant Adell Marks." It also alleges that McCartha was negligent: In failing to maintain a proper lookout; in failing to maintain proper control over his vehicle upon the highway; in operating his vehicle at a speed in excess of that which was reasonable and prudent under the prevailing conditions; in failing to decrease speed when approaching and going around the curve; in failing to keep his vehicle on the right side of the highway; and in operating it in wanton and wilful disregard of the rights and safety of others, including the plaintiff, without due caution and circumspection and in a manner so as to endanger the person and property of others, including the plaintiff.

As to Marks, the complaint alleges that in the operation of his vehicle:

"(a) He negligently and carelessly failed to maintain a reasonable and proper lookout * * *;

"(b) * * * negligently and carelessly failed to maintain a proper control over his vehicle * * *;

"(c) * * * operated his vehicle * * * at a speed which greatly exceeded that speed which was reasonable and prudent under the conditions then and there existing * * *;

"(d) * * * failed to decrease the speed of his vehicle when approaching and going around the aforementioned curve * * *;

"(e) * * * operated his vehicle in a careless manner, in wanton and willful disregard of the rights and safety of others, and particularly this plaintiff, without due caution and circumspection and in a manner so as to endanger the person and property of others, especially this plaintiff * * *;

"(f) * * * failed to use due care in regard to the attendant facts and circumstances then and there existing."

The complaint then alleges that the negligence of the two defendants was joint and concurrent, that the plaintiff's injuries,

which are alleged in detail, were proximately caused by the individual negligence of each defendant and by their joint and concurring negligence, and prays the recovery of damages from the defendants and each of them.

Marks filed an answer denying negligence by him, admitting the allegations of the complaint as to the negligence of McCartha, and alleging that the sole proximate cause of the collision and of the plaintiff's injuries was such negligence by McCartha.

McCartha filed an answer denying negligence by him and alleging as his first and second further answers: (1) That the sole proximate cause of the collision and of the plaintiff's injuries was certain specified negligent acts and omissions of Marks, and (2) contributory negligence of the plaintiff.

As a third further answer and cross-action for contribution against Marks, McCartha alleges that the complaint "failed to allege any facts to show negligence on the part of the defendant Marks as a proximate cause of the collision referred to," that McCartha sued Marks in a prior action in the Superior Court of Mecklenburg County to recover for personal injuries and damages sustained in the same collision, that Marks there filed an answer and counterclaim against McCartha on account of personal injuries and damages sustained by Marks in this collision, that the Mecklenburg action was tried and the jury therein returned a verdict finding negligence by Marks and contributory negligence by McCartha, and that judgment was entered therein adjudging that neither McCartha nor Marks recover anything of the other. McCartha attached the complaint, answer and judgment in the Mecklenburg action to his answer in this action as Exhibits A, B and C, respectively.

Marks filed a demurrer to and motion to strike the third further answer of McCartha on the ground that, both he and McCartha being original defendants in this action, the third further answer and cross-action for contribution is not proper pleading but is a misjoinder of causes of action in the present suit and is prejudicial to the defense by Marks in this action.

From an order overruling this demurrer and denying the motion to strike, Marks appeals.

*Pittman, Pittman & Pittman for defendant appellant Marks.*

*Bynum, Blount, Leath & Hinson; Carpenter, Webb & Golding for defendant appellee McCartha.*

LAKE, J. In *Greene v. Laboratories, Inc.,* 254 N.C. 680, 120 S.E. 2d 82, followed in *Bass v. Lee,* 255 N.C. 73, 120 S.E. 2d 570, this Court said:

"In an action against two defendants, as joint tort-feasors, may one defendant set up a plea for contribution against the co-defendant and thereby preclude dismissal of the co-defendant during the trial and before judgment (paragraph 10 of Seventh Further Answer and Defense)?

"The answer is 'No.'"

In the *Greene* case, as here, one of the defendants, originally sued by the plaintiff, filed a further answer in which he alleged a cross-action against his original co-defendant for contribution in the event that the jury should find both of them negligent and liable to the plaintiff. Upon motion of the defendant against whom such cross-action was pleaded, the trial court struck from the answer the allegations asserting the cross-action for contribution. This Court affirmed, three justices dissenting, the majority opinion stating the question and the answer as above quoted. The majority opinion, quoting from *Bell v. Lacey,* 248 N.C. 703, 104 S.E. 2d 833, said:

"'This Court has uniformly held that where all the joint tort-feasors are brought in by a plaintiff *and a cause of action is stated against all of them,* such defendants under our statutes, G.S. 1-137 and G.S. 1-138, are permitted to set up in their respective answers as many defenses and counterclaims as they may have arising out of the causes of action set out in the complaint. However, they are not allowed to set up and maintain cross-actions as between themselves which involve affirmative relief not germane to the plaintiff's action. * * * This is so, notwithstanding the fact that the defendants' claim for damages may have arisen out of the same set of circumstances upon which the plaintiff's action is bottomed.'" [Emphasis added.]

Here, McCartha contends that his cross-action for contribution against Marks does not fall within the rule announced in *Greene v. Laboratories, Inc., supra,* because the plaintiff's complaint does not state a cause of action against his co-defendant Marks. McCartha, therefore, contends that the court below correctly denied Marks' motion to strike McCartha's further answer asserting the cross-action for contribution.

The premise upon which McCartha would reach this conclusion is unsound. The complaint does state a cause of action against Marks. Counsel for Marks so conceded in his oral argument in this Court, but we reach this conclusion independent of such concession.

In considering the sufficiency of a complaint, as against a demurrer on the ground that it does not state a cause of action, the complaint is to be liberally construed and every reasonable intendment and presumption in favor of the plaintiff is to be made. *Hargrave v. Gardner,* 264 N.C. 117, 141 S.E. 2d 36; *Wilson v. Motor Lines,* 207 N.C. 263, 176 S.E. 750; *Burroughs v. Womble,* 205 N.C. 432, 171 S.E. 616; *Scott v. Insurance Co.,* 205 N.C. 38, 169 S.E. 801; *Griffin v. Baker,* 192 N.C. 297, 134 S.E. 651; *Hoke v. Glenn,* 167 N.C. 594, 83 S.E. 807.

The complaint alleges that Marks was negligent in that he failed to maintain a reasonable and proper lookout, and in that he operated his vehicle at a speed in excess of that which was reasonable and prudent under the prevailing conditions. There are also other alleged specifications of negligence by him which may possibly fall into the category of conclusions rather than allegations of ultimate facts. The complaint further alleges that these negligent acts of Marks and the alleged negligent acts and omissions of McCartha were concurrent proximate causes of the injuries sustained by the plaintiff in the collision.

It is true that the complaint also alleges that, as the automobiles of the two defendants "approached each other on the aforementioned curve," the McCartha vehicle "came across the yellow mark center line and crashed head-on with great force and violence into the vehicle of defendant Adell Marks." There is, however, no allegation in the complaint that this alleged crossing of the center line by McCartha was so sudden as to constitute an intervening cause, insulating the alleged negligence of Marks. It does not appear from the complaint that the curve was so sharp as to obstruct Marks' view of the McCartha automobile as it approached. Construing the complaint liberally, as we are required to do in determining its sufficiency to resist a demurrer for failure to state a cause of action, we find nothing in it to lead to the conclusion that Marks, had he been maintaining a proper lookout and traveling at the proper speed, could not have discovered the obstruction in his path in time to avoid the collision from which the plaintiff's injuries resulted.

The decisions cited to us by McCartha to support his contention that the plaintiff's complaint does not state a cause of action against Marks are distinguishable. In each of those cases it appears affirmatively from the complaint, itself, that the negligence of one of the defendants was the sole proximate cause of the collision and, therefore, no cause of action was alleged against the other defendant. In *Loving v. Whitton,* 241 N.C. 273, 84 S.E. 2d 919, the plaintiff alleged that one defendant, proceeding on a servient street, in

violation of the stop sign, drove into the intersection "directly in front of and into the path of" the vehicle of the other defendant. It thus appeared from the complaint, itself, that the negligence of the driver on the servient street was the sole proximate cause of the collision. In *Troxler v. Motor Lines*, 240 N.C. 420, 82 S.E. 2d 342, the complaint alleged that one defendant, having the green light, drove through the intersection at an excessive speed and the other defendant, facing the red light, entered the intersection, made a right turn and struck the first defendant's vehicle in the rear. From these circumstances this Court concluded that the speed of the first defendant's car was not a proximate cause of the collision. In *Lewis v. Lee*, 246 N.C. 68, 97 S.E. 2d 469, the complaint alleged that the vehicle of one defendant suddenly appeared on the highway on the wrong side of the road in front of the other defendant. Again, the Court held that the complaint showed the negligence of the first driver was the sole proximate cause. In *Guthrie v. Gocking*, 214 N.C. 513, 199 S.E. 707, the complaint alleged that the automobile of the plaintiff was following the automobile of one defendant when the vehicle of the other defendant, driving rapidly from the opposite direction and on the wrong side of the road, collided with the automobile of the first defendant and, as a result of that collision, struck the plaintiff's vehicle. The Court said that it appeared from the complaint that the negligence, if any, of the defendant who was driving in the same direction as the plaintiff was not the proximate cause of the plaintiff's injuries, observing that if he had gotten out of the path of the oncoming vehicle it would have collided with the plaintiff with even greater force than it did.

Thus, in all of the cases cited by the defendant McCartha in support of his contention that no cause of action is here stated against Marks, it appeared from the complaint that the negligence of only one defendant was the sole proximate cause of the collision. That does not appear from the complaint in this case. Consequently, the allegations of the plaintiff's complaint do not remove this case from the rule of *Greene v. Laboratories, Inc., supra.*

The striking of McCartha's third further answer asserting his cross-action for counterclaim does not deprive him of his right to contribution from Marks if, upon the trial of the present action, a verdict is rendered in favor of the plaintiff against McCartha alone, nor does it deprive him of the full benefit of the judgment which has been entered in the Mecklenburg action between McCartha and Marks.

In *Gunter v. Winders*, 253 N.C. 782, 786, 117 S.E. 2d 787, this Court said:

"A judgment does not conclude parties to the action who are not adversaries and who do not have an opportunity to litigate their differences *inter se.* \* \* \* Issues and admissibility of evidence are determined by the pleadings. Unless defendants have opportunity to cross-plead, evidence relating exclusively to their differences is inadmissible — result, an insufficient opportunity to be heard."

Thus, it is only where the claim for contribution is injected into the plaintiff's action through a cross-action by an original defendant against an additional defendant that a judgment in such action against only one defendant can be *res judicata* as between the alleged joint tort-feasors. See: *Hill v. Edwards,* 255 N.C. 615, 122 S.E. 2d 383. McCartha and Marks were parties to the Mecklenburg action. It was there determined that the negligence of each was a proximate cause of the collision in which the present plaintiff was injured. Therefore, as to their rights against each other, the judgment in the Mecklenburg action is a final determination and that issue may not again be litigated. *Stansel v. McIntyre,* 237 N.C. 148, 74 S.E. 2d 345. Thus, if, in the present action, the plaintiff recovers from either Marks or McCartha, and fails to recover from the other, the defendant against whom she recovers judgment may, upon paying the judgment, maintain an action against the other defendant herein for contribution. In that action the Mecklenburg judgment would be conclusive upon the question of their being joint tort-feasors with the right of and liability to contribution as between themselves.

The denial of the motion by Marks to strike the third further answer of McCartha was in conflict with the decision in *Greene v. Laboratories, Inc., supra.*

Reversed.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision in this case.

SHARP, J., dissenting: The majority opinion is based upon the premise that the plaintiff has alleged a cause of action against both defendant Marks and defendant McCartha. With this conclusion I cannot agree. Defendants were operating motor vehicles approaching each other on a curve from opposite directions. Plaintiff alleges that in the operation of his motor vehicle, Marks was negli-

gent in four respects: (1) he failed to keep a proper lookout; (2) he failed to keep his vehicle under proper control; (3) his speed was greater than was reasonable and prudent under the circumstances; and (4) he failed to decrease his speed when approaching a curve. His 5th allegation, that Marks was guilty of reckless driving, and his 6th allegation, that he failed to use due care, are mere conclusions. *Troxler v. Motor Lines,* 240 N.C. 420, 82 S.E. 2d 342. Plaintiff makes identical allegations against defendant McCartha, plus the additional one that McCartha failed to keep his vehicle on the right side of the highway and that he "came across the yellow marked center line and crashed head-on with great force and violence into the vehicle of defendant Adell Marks, and in which plaintiff was riding as a passenger in the right front seat."

After making these specifications of negligence, plaintiff alleges that her injuries were "the direct result of both the individual negligent acts of each defendant herein complained of, and the joint and concurrent negligence of the two defendants herein complained of." This allegation with reference to proximate cause is the pleader's mere conclusion. "It is not sufficient for a complaint to charge a defendant with negligence. The complaint must go further and allege facts showing the negligent act was a proximate cause of the injuries of which plaintiff complains." *Green v. Tile Co.,* 263 N.C. 503, 505, 139 S.E. 2d 538, 540. Plaintiff here has alleged no *facts* which show that the negligence of Marks was a proximate cause of the collision. As long as McCartha stayed on his side of the road, Marks' alleged speed, lack of control, and failure to keep a proper lookout *on her side of the road* could have played no part in the collision. There is no allegation that McCartha crossed the center line when Marks was at such a distance that, if driving at a reasonable speed, keeping a proper lookout, and having her car under control, she could have avoided the collision. Without such an allegation the complaint is demurrable as to Marks, and it will not support an issue of negligence as to her. *Moore v. Hales,* 266 N.C. 482, 146 S.E. 2d 385; *Loving v. Whitton,* 241 N.C. 273, 84 S.E. 2d 919.

When the complaint fails to state a cause of action against one of two defendants, the rule enunciated in *Greene v. Laboratories, Inc.,* 254 N.C. 680, 120 S.E. 2d 82, does not preclude the defendant, against whom a cause of action is stated, from joining the other.

Ordinarily, when a defendant alleges a cross action for contribution against an additional defendant, he merely raises an issue, for the fact of their joint and concurring negligence will not usually have been established, as here, by a judgment rendered in a prev-

ious action between them. That this issue has already been determined should not preclude defendant from setting up his right to contribution in plaintiff's action, but it would seem that this pleading should be for the judge and not the jury.

For the reasons stated I vote to affirm the judgment from which defendant Marks appeals.

BOBBITT, J., concurs in dissenting opinion.