ELIZABETH ANN CHILDERS v. WILLIAM JESSE SEAY, JR. AND TRUMAN CHILDERS.

(Filed 20 June, 1967.)

1. **Automobiles §§ 41h, 43— Evidence held sufficient to be submitted to jury on question of concurring negligence causing intersection accident.**

   Evidence tending to show that one defendant, in approaching an intersection, passed a sign limiting speed to 35 miles per hour, that he nevertheless continued his speed of 45 to 50 miles per hour and, upon first seeing the other defendant's vehicle some 150 feet away, was unable to stop in time to avoid striking the right rear of the vehicle, which had approached from the opposite direction and had turned left at the intersection across the path of the first defendant's line of travel, *held* not to warrant nonsuit on the ground of insulating negligence, since the sign limiting speed was sufficient to put a reasonably prudent man on notice that he was approaching conditions under which consequences of an injurious nature would likely ensue if speed were not reduced.

2. **Negligence § 27—**

   Negligence cannot be insulated by the intervening act of another if such intervening act was reasonable foreseeable or if the injurious consequences which ensued, or consequences of like nature, could have been reasonably anticipated from the primary negligence.

3. **Appeal and Error §§ 4, 20—**

   Where the complaint states a cause of action against each of two defendants as joint tort-feasors, one defendant cannot be the party aggrieved by error in the court's instruction to the jury as to the negligence of the other defendant, since defendants' rights *inter se* in regard to contribution are not precluded by plaintiff's judgment. G.S. 1-277.

**4. Negligence § 28—**
In an action against joint tort-feasors, correct instructions on proximate cause, without elaboration on the subordinate phase of insulating negligence, are sufficient in the absence of a prayer for special instructions.

APPEAL by defendant Childers and plaintiff from *Hasty, J.,* 13 June 1966 Schedule "D" Session of MECKLENBURG. Docketed and argued as Case No. 288, Fall Term 1966, and docketed as Case No. 284, Spring Term 1967.

This is a civil action instituted by plaintiff against both defendants to recover damages for injuries growing out of an automobile collision which occurred about 1:45 p.m. on 18 July 1964 at the intersection of U. S. Highway No. 21 and County Road No. 2145, a public road in Mecklenburg County. U. S. Highway No. 21, at this location, runs generally in a north-south direction and has one lane for northbound traffic and one lane for southbound traffic. County Road No. 2145 runs generally in an east-west direction and has one lane for eastbound traffic and one lane for westbound traffic.

The plaintiff, at the time of the collision, was a passenger in a 1964 Ford automobile owned and being operated by her husband, defendant Childers. This automobile was proceeding in a southerly direction along U. S. Highway No. 21. The parties have stipulated that as the defendant Childers approached the intersection at which the collision occurred, he passed a sign, placed by the North Carolina State Highway Commission, which was a diamond-shaped sign with a cross thereon and a rectangular sign thereunder bearing the letters and figures "35 MPH." Defendant Childers' own evidence indicates that after passing the sign he proceeded at approximately the same rate of speed, *i.e.,* 45 to 50 miles per hour, up a grade to the crest of a hill which was more than 200 feet north of the intersection and proceeded downgrade to the intersection where the collision occurred. A light rain was falling and the highway was wet.

Defendant Seay was operating a 1959 Buick station wagon owned by him. He was proceeding in a northerly direction on U. S. Highway No. 21. As he approached the intersection, he reduced his speed and proceeded to turn left in order to travel in a westerly direction on County Road No. 2145. Before his Buick station wagon completed crossing the southbound lane of U. S. Highway No. 21, it was struck on the right rear portion by the right front of the Ford automobile.

J. F. Peacock, a North Carolina State Highway Patrolman, arrived at the scene of the collision about 20 minutes after it occurred. He was a witness for plaintiff. He testified that during his investigation "Mr. Childers said he was right on Mr. Seay's car when he

first saw it but I don't believe he said how far he was from it." He further testified, "Mr. Seay stated he didn't see him until he had nearly completed his turn." Damage to the Childers automobile was on the right front, and damage to the Seay vehicle was about over the right rear wheel.

The plaintiff pleaded negligence on the part of each defendant and alleged that such negligence was the proximate cause of her injury. She alleged, *inter alia,* that defendant Seay turned from a direct line of travel to his left and crossed the lane of travel of the Ford automobile without first ascertaining that such turn could be made in safety and without giving a clearly visible signal of his intention to turn left, and that defendant Childers was negligent in driving his automobile at a speed that was greater than was reasonable and prudent under the conditions then existing, in failing to keep a proper lookout, and in failing to keep his automobile under proper control.

Plaintiff's evidence supports the above allegations of negligence as to each defendant.

Defendant Seay's evidence was that he slowed to a few miles per hour in preparation for making his turn; that he looked up U. S. Highway No. 21 to the north, and in both directions on County Road No. 2145, and saw no one coming; that he could have seen an automobile approaching from the north on U. S. Highway No. 21 at least 300 feet north of the intersection and that the driver could have seen him from that distance; that upon observing no other traffic coming and after giving his left turn signal he proceeded with his turn; that in the course of the turn he saw the Ford automobile approaching and pressed his accelerator to the floor; and that he had almost cleared the intersection when his station wagon was struck by defendant Childers' automobile.

Other evidence in the record will be stated in the opinion.

Both defendants denied negligence and each alleged that the negligence of the other was the sole proximate cause of the collision and subsequent injury. Defendant Childers further alleged that any negligence on his part was insulated by negligence of defendant Seay.

The jury found by its verdict that plaintiff was not injured by the negligence of defendant Seay, as alleged in the complaint; that plaintiff was injured by the negligence of the defendant Childers, as alleged in the complaint, and awarded damages to plaintiff in the amount of $7,500. Judgment was signed in accordance with the verdict.

From this judgment plaintiff and defendant Childers appealed.

*Bradley, Gebhardt, DeLaney and Millette by S. M. Millette for plaintiff appellant and appellee.*

*Jones, Hewson & Woolard for defendant Seay, appellee.*

*Kennedy, Covington, Lobdell & Hickman by Hugh L. Lobdell and Charles V. Tompkins, Jr., for defendant Childers, appellant.*

PARKER, C.J.

APPEAL BY DEFENDANT CHILDERS.

Defendant Childers assigns as error failure of the court to grant his motion for judgment of compulsory nonsuit; error in the charge on the first issue with respect to negligence of defendant Seay; and failure of the court to charge the jury on the second issue involving the alleged negligence of Childers with respect to the doctrine of insulating negligence.

Childers' motion for judgment of compulsory nonsuit was properly overruled. There was ample evidence of negligence on the part of defendant Childers to go to the jury. Defendant Childers' own evidence indicates that he drove past a sign indicating an intersection ahead and advising a reduced speed; that he proceeded at the same rate of speed; that he saw defendant Seay's station wagon when there was approximately 150 feet between them; that he applied his brakes and skidded 40 or 50 feet before hitting the station wagon. The purpose of the advisory signs was to warn passing motorists that there was an intersection ahead and that motorists should observe a speed limit of 35 miles per hour. They put the motorist on notice that there might be conditions ahead, such as traffic in the intersection, which require increased caution. The warning signs and inclement weather were sufficient to enable a reasonable person to foresee that his failure to heed the warning and proceed with increased caution might produce the result which actually ensued here, or some similar result. There was also evidence for plaintiff that Childers said to a State Highway Patrolman that he was right on Mr. Seay's car when he first saw it. Highway Patrolman Peacock also testified as a witness for the State: "Approaching this particular intersection that we are talking about from the north going in a southerly direction, the farthest distance north from the intersection that a driver would be when he could see another vehicle in the intersection would be about 350 feet."

This Court said in *Bryant v. Woodlief,* 252 N.C. 488, 114 S.E. 2d 241:

"The test of whether the negligent conduct of one tortfeasor is to be insulated as a matter of law by the independent act of another, is well settled by our decisions. In *Harton v.*

*Telephone Co.,* 141 N.C. 455, 54 S.E. 299, the Court said:
"* * * the test * * * is whether the intervening act and
the resultant injury is one that the author of the primary neg-
ligence could have reasonably foreseen and expected * * *.
We think it the more correct rule that, except in cases so clear
that there can be no two opinions among men of fair minds,
the question should be left to the jury to determine whether the
intervening act and the resultant injury were such that the au-
thor of the original wrong could reasonably have expected them
to occur as a result of his own negligent act. * * *' "

This principle was quoted and applied in *Davis v. Jessup* and
*Carroll v. Jessup,* 257 N.C. 215, 125 S.E. 2d 440. In *Jernigan v.
Jernigan,* 236 N.C. 430, 72 S.E. 2d 912, the facts were similar to
the facts of this case except for an increased distance between the
two automobiles. The Court held that the evidence did not compel
the single conclusion that negligence of the turning driver was the
sole proximate cause of the accident. The language used in *Rouse
v. Jones,* 254 N.C. 575, 119 S.E. 2d 628, might be applicable here.
The rule there suggested was, if the injurious result was not reason-
ably unforeseeable, the subsequent negligence would not insulate
the initial negligence.

The assignment of error to the court's charge on the first issue
relating to negligence of defendant Seay is overruled. In *Coburn v.
Timber Corporation,* 260 N.C. 173, 132 S.E. 2d 340, the Court said:
"The right to appeal is limited to a party aggrieved. G.S. 1-271. A
party is aggrieved if his rights are substantially affected by ju-
dicial order. G.S. 1-277. If the order complained of does not ad-
versely affect the substantial rights of appellant, the appeal will be
dismissed." Defendant Childers was aggrieved by the verdict ren-
dered and judgment entered against him. However, if error be con-
ceded in the charge on the first issue as to negligence of defendant
Seay, it did not adversely affect defendant Childers' substantial
rights. In response to a similar contention where one defendant com-
plained of error in the charge relating to the other defendant's neg-
ligence, the Court said in *Taylor v. Rierson,* 210 N.C. 185, 185 S.E.
627: ". . . (I)t relates solely to the first issue and could in no way
affect the interest of the appellant Taylor, whose contentions were
presented under the second and third issues."

Construing the amended complaint, upon which the case was
tried, liberally, with a view to substantial justice between the par-
ties, G.S. 1-151, it appears that plaintiff has alleged a cause of ac-
tion against the defendant Seay and against the defendant Childers,
and neither defendant could set up in this action a plea for contribu-

tion against his co-defendant. *Streater v. Marks*, 267 N.C. 32, 147 S.E. 2d 529; *Greene v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82. In fact, neither defendant in his answer set up a plea for contribution against his co-defendant. In this action, each was an adverse party to the plaintiff, only. They were not adversaries *inter se*, and could not litigate their differences *inter se*. As between them, the judgment is not conclusive. Upon paying the judgment, defendant Childers may maintain an action against defendant Seay for contribution. *Streater v. Marks, supra; Godfrey v. Power Co.*, 223 N.C. 647, 27 S.E. 2d 736, 149 A.L.R. 1183.

The third assignment of error is likewise overruled. The doctrine of insulating negligence is an elaboration of a phase of proximate cause. Where proper instructions on proximate cause are given, the court is under no duty to instruct the jury specifically with respect to insulating negligence in the absence of proper request, and no such request was made by defendant Childers here. *Rouse v. Jones, supra; Whiteman v. Transportation Co.*, 231 N.C. 701, 58 S.E. 2d 752.

### PLAINTIFF'S APPEAL.

Plaintiff stated in her brief: "This appeal by the plaintiff is a precautionary measure only. Should this Court decide that no prejudicial error was committed in the trial against the defendant Childers, then the plaintiff withdraws her appeal and respectfully requests this Court to treat her appeal as withdrawn." Her request is allowed.

On defendant Childers' appeal,

No error.

On plaintiff's appeal,

Appeal dismissed.